**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**STRATAS FOODS, LLC,**<br><br>Defendant. | Case No. 24-cv-11297<br><br>Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024 CH 09121 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a), 1446, 1453, Defendant Stratas Foods LLC ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant respectfully states as follows:

### State Court Action

1. On September 27, 2024, Plaintiff Cordell Warren ("Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, entitled *Cordell Warren v. Stratas Foods, LLC*, Case No. 2024 CH 09121. *See* Exhibit A, Complaint.[1]

2. On October 3, 2024, Plaintiff served the Summons and Complaint on Defendant through its registered service agent. *See* Exhibit B, Proof of Service and Summons.

---

[1] Exhibit A is a true and correct copy of the only pleadings, processes, and/or orders that have been served on Defendant. Upon information and belief, no further proceedings have been held in the Circuit Court of Cook County.

3. Plaintiff's Complaint contains one count, alleging a putative class action for at least five purportedly separate alleged violations of the Illinois Genetic Information Privacy Act ("GIPA") (410 ILCS 513/1 *et seq.*) for each of the "hundreds" of alleged class members. Exhibit A, Compl., ¶¶ 38-40 (alleging, *inter alia*, alleged common questions regarding violations of GIPA Sections 513/25(a), 513/25(b), 513/25(c)(1), 513/25(c)(2), and 513/25(c)(3)). *Id.* Specifically, the alleged questions giving rise to claimed liability for each class member are:

i. Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

ii. Whether Defendant released Plaintiff's and the other Class members [*sic*] genetic testing information in violation of 410 ILCS § 513/25(b);

iii. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

iv. Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

v. Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3).

4. For each of these five purported violations for each of the "hundreds" of alleged class members, Plaintiff requests injunctive relief and seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., ¶¶ 34, 38, 54.

**Venue and Timeliness**

5.      Because the Circuit Court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a) is the United States District Court for the Northern District of Illinois.

6.      In accordance with the requirements of 28 U.S.C. § 1446(b), which sets the deadline for filing a notice of removal thirty (30) days after service of the Summons and Complaint (October 3, 2024), this Notice of Removal is timely filed because the resulting 30-day deadline is November 4, 2024. *See* 10 ILCS 5/1-6(a) (deadlines fixed by the Illinois Code of Civil Procedure that fall on a weekend, extend through the first business day); Fed. R. Civ. P. 6(a)(C) (same).

7.      Moreover, this Notice of Removal is timely for an additional reason, namely, because "the removal clock never actually started to run." *Gates v. Eagle Foods Grp.*, No. 20 C 6525, 2021 WL 1340805, at *2 (N.D. Ill. Apr. 9, 2021) (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013); *Curry v. The Boeing Co.*, No. 20 C 3088, 2021 WL 1088325 at *10 (N.D. Ill. March 22, 2021) ("It does not matter under *Walker* how quickly a diligent defendant could determine that a case is removable for if the complaint leaves any work for the defendant to do in that regard, the removal clock does not start to run."). Here, Plaintiff's Complaint left work for Defendant to do (*i.e.*, calculating damages and determining whether minimal diversity exists). Therefore, the clock has not begun running. Beyond alleging that Defendant "solicited and obtained the genetic information of hundreds of Illinois residents and workers," Plaintiff does not allege how many violations of GIPA he claims, or even how many violations per individual.[2] Exhibit A, Compl. ¶ 34. Further, Plaintiff admits that "the exact number of members of the Class

---

[2] Defendant denies any violation of GIPA and even if a violation did occur, Defendant denies that Plaintiff would be entitled to recover for more than one purported violation per individual.

is currently unknown to Plaintiff, [but] the members can easily be identified through Defendant's records." *Id.* at ¶ 38. In other words, Plaintiff explicitly admits that he has left work for Defendant.

8.      For the foregoing reasons, this Notice of Removal is timely.

**CAFA Jurisdiction**

9.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

10.     Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11.     Diversity of citizenship exists between Plaintiff and Defendant. Diversity of citizenship exists under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S. Code § 1332(d)(2)(A).

12.     For purposes of diversity jurisdiction under CAFA, the citizenship of an unincorporated association, including a limited liability corporation, is the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *see also Calchi v. TopCo Associates, LLC*, 676 F.Supp.3d 604, fn. 2 (N.D. Ill. June 7, 2023) (noting that "the CAFA uses a different measuring stick for the citizenship of a

4

limited liability company" in that "[u]nder the CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen."); *see also Lewis v. LoanDepot.com, LLC*, 2021 WL 5038779, *2 (N.D. Ill. Oct. 29, 2021) (same); *Havron v. AT&T, Inc.*, 2009 WL 5030760 (S.D. Ill. Dec. 16, 2009) (explaining that "[t]he provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule" for the citizenship of an LLC); *Loonsfoot v. Stake Ctr. Locating, LLC*, 2024 WL 2815422 (S.D. Ill. June 3, 2024) (same).

13.     Stratas Foods LLC is organized under the laws of the State of Delaware and maintains its principal place of business in Tennessee. Exhibit C, Declaration of Brian Richardson, at ¶ 4; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). As such, Stratas Foods LLC is a citizen of Delaware and Tennessee.

14.     Even if the common-law rule that the citizenship of an unincorporated association is the citizenship of each of the association's members applied to Stratas in this action (*see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)), minimal diversity is still established in this case. Under this traditional rule, Stratas Foods LLC's citizenship would be determined by the citizenship of its two members, Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC. Exhibit C, Decl., ¶ 4.

15.     ADM is a corporation organized under the laws of the State of Delaware whose principal place of business is in the State of Illinois, where it has its headquarters. *Id.* at ¶ 5; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's

activities). Therefore, ADM is a citizen of Illinois and Delaware, and Stratas Foods LLC would also be a citizen of these states. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

16.     ACH Jupiter LLC is a limited liability corporation. Exhibit C, Decl. ¶ 6. ACH Jupiter LLC is wholly owned by ACH Food Companies, Inc., which is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois. *Id.* at ¶ 7. Therefore, ACH Jupiter, LLC, and by extension, Stratas Foods LLC, would be a citizen of Delaware and Illinois. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

17.     Finally, as described below, regardless of the test applied to determine the citizenship of Sratas, LLC, there would be minimal diversity in this case because there are at least fifteen (15) potential class members from states other than Illinois, Tennessee, and Delaware. *See paragraph 19, infra.*

18.     Under CAFA, "'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S. Code § 1332(d)(1). Plaintiff seeks to represent a class of "[a]ll individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records." Exhibit A, Compl., ¶ 36. Plaintiff alleges that Defendant requires potential employees to undergo a physical exam during which family medical history is requested. *Id.* at ¶¶ 1, 30-31.[3]

19.     Defendant has identified at least fifteen employees who show that the minimal diversity requirement of CAFA is met. These fifteen individuals worked in Illinois and underwent the preemployment physical examination at issue in this case, in Illinois, since September 28, 2019. Exhibit C, Decl., ¶ 8. Public records searches demonstrate that these fifteen individuals are

---

[3] Defendant denies this allegation, as well as numerous other allegations of the Complaint.

citizens of Iowa, Pennsylvania, and Missouri, and not Delaware, Tennessee, or Illinois. *Id.* In addition, Plaintiff's proposed class does not exclude individuals who applied to work for Defendant and then worked for Defendant in multiple states including Illinois. Therefore, numerous additional putative "class members" are not citizens of Delaware, Tennessee, or Illinois.

20.     Moreover, Plaintiff alleges that "at all relevant times" he has resided in Illinois, and not Delaware or Tennessee. Exhibit A, <u>Compl.</u>, ¶ 13. Accordingly, there is diversity of citizenship between Plaintiff and Defendant as well as diversity of citizenship between potential unnamed class members and Defendant under CAFA. *Halim v. Charlotte Tilbury Beauty Inc.*, No. 23 CV 94, 2023 WL 3388898, at *3 (N.D. Ill. May 11, 2023) (diversity jurisdiction established at the time of removal under CAFA).

21.     Second, it is more likely than not that the amount in controversy in this case exceeds $5,000,000.[4] Defendant must only demonstrate by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, No. 07 C 231, 2007 U.S. Dist. LEXIS 21135, at *6 (N.D. Ill. March 26, 2007). Indeed, where plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

22.     Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the

---

[4] Defendant denies that Plaintiff is entitled to any damages, whether on behalf of himself or others.

amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

23.     In his Complaint, and for the unidentified "relevant time period[,]" Plaintiff seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages, or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., Prayer for Relief at p. 11. Plaintiff does not identify the relevant time period or estimate the amount of actual or statutory damages. However, Plaintiff appears to allege five purportedly separate violations for each of the "hundreds of members." Exhibit A, Compl., ¶¶ 38, 40.

24.     While Defendant disputes that the GIPA limitations period is five years and denies that Plaintiff is entitled to recover for more than one violation per individual, if GIPA is evaluated similarly to the Illinois Biometric Information Privacy Act ("BIPA") (740 ILCS 14/1 *et seq.*), there is a cognizable possibility that GIPA – as currently written – allows recovery for more than one violation per individual and/or allows for recovery for all violations during a five-year period. *See Gates*, No. 20 C 6525, 2021 WL 1340805, at *3 (consolidating BIPA cases related to the number of violations) (superseded by SB2979); *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶ 11 (five-year limitations period applies to BIPA).

25.     Therefore, based on the foregoing, on the face of Plaintiff's pleadings, the alleged amount in controversy for the "hundreds of members of Class [*sic*]" (*i.e.*, at least 200) is at least $15,000,000 (for 200 purported class members, $15,000 per reckless violation multiplied by five violations is $75,000, and $75,000 multiplied by 200 equals $15,000,000). Therefore, even taking the minimal number of possible, alleged class members, and without considering attorneys' fees,

Plaintiff's alleged amount in controversy meets the jurisdictional threshold.[5] *See Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 744 (S.D. Ill. 2020) (amount in controversy established under the BIPA based on the statutory damages for a reckless violation). Further, attorneys' fees may be considered in determining whether the threshold has been met under CAFA. *McGoveran v. Amazon Web Servs.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020). Thus, based upon his pleadings, it is not a legal certainty that Plaintiff seeks $5,000,000 or less.

26.     Defendant's records also demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. In the last five years prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve the pre-employment procedures which Plaintiff alleges give rise to violations of Section 513/25(c). Exhibit C, Decl., ¶ 7. Thus, even assuming only one alleged statutory violation per employee, the amount in controversy is $5,250,000 ($15,000 multiplied by 350), which exceeds the statutory prerequisite.

**Procedural Requirements**

27.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as Exhibit D is a copy of the Notice to Clerk of Circuit Court of Cook County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

28.     Attached as Exhibit E is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Michael L. Fradin, Esq. at Fradlin Law, 8401 Crawford Ave., Suite 104, Skokie,

---

[5] Defendant denies any violation of GIPA with respect to Plaintiff or any other employee or prospective employee. Further, even if such violation was established, Defendant denies that its conduct was "reckless or intentional" within the meaning of GIPA.

Illinois 60076; James L. Simon, Esq., at Simon Law Co., 11 ½ N. Franklin Street, Chagrin Falls, Ohio 44022.

29.     Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Stratas Foods LLC requests that this action, pending in the Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated:  November 1, 2024                              Respectfully submitted,

                                                     STRATAS FOODS LLC


                                                     */s/ Angela R. Huisingh*
                                                     By One of Their Attorneys


David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

*Notice of Removal* to be electronically filed with the Clerk of the Court, using the court's CM/ECF

system, and by causing same to be served electronically and via UPS mail to Plaintiff's counsel

listed below:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

*/s/ Angela R. Huisingh*

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT A

## Complaint

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

# STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
### CHANCERY DIVISION

|  |  |  |
|---|---|---|
| Cordell Warren, *individually and on behalf of all others similarly situated,* | ) | Case No.  **2024CH09121** |
|  | ) |  |
|  | ) | Judge: |
| Plaintiff, | ) |  |
|  | ) |  |
| -vs- | ) |  |
|  | ) |  |
| Stratas Foods, LLC | ) |  |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

## CLASS ACTION COMPLAINT

Plaintiff, Cordell Warren ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Stratas Foods, LLC ("Defendant" or "Stratas") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS § 513/1 *et seq.* ("GIPA"), and to obtain redress for persons harmed by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. This case concerns the misuse of individuals' genetic information by Stratas Foods, LLC. As a condition of employment, Stratas requires employee candidates to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information,

FILED DATE: 9/27/2024 8:16 PM  2024CH09121

GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1)     solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2)     affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3)     limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4)     retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.  410 ILCS 513/25(c).

3.      GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

4.      Genetic information, including familial medical history, is a uniquely private and sensitive form of personal information. A person cannot change their genome if it becomes compromised, and the genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

2

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

5.      However, in requiring disclosure of putative employees' family medical histories, including that of Plaintiff, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6.      In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS § 513/5(2).

7.      GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8.      In spite of GIPA's prohibition to solicit family medical information, Defendant and other companies in Illinois continue to request that their employees and prospective employees provide protected family medical history in violation of GIPA.

9.      Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10.     Plaintiff brings this action for statutory and/or actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

11.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

## PARTIES

12.     Defendant Stratas Foods, LLC is a corporation organized under the laws of the state of Delaware and headquartered in Tennessee.

13.     At all relevant times, Plaintiff has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, or required genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application.

15.     Venue is proper in Cook County because Defendant is an out of state corporation and thus "resides" out of state and can be sued in any county in Illinois pursuant to 735 ILCS § 5/2-101.

## COMMON FACTUAL ALLEGATIONS

16.     The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives; to discover their genetic predisposition for diseases before any symptoms manifest; and, in some cases, to prevent and treat such diseases.

17.     These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than

4

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

$1,000 in 2022. Despite the benefits to science and health care that could be gained from widespread genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.

18. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use and disclosure of such information.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Protection Act (GIPA) 410 ILCS 513/1 et seq. out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment and the hiring process.

20. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring, or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. *See* 410 ILCS § 513/25(c)(1).

21. GIPA's protections include a prohibition against the solicitation, request, requirement, or purchase of employee's or prospective employee's genetic information as a condition of employment. *See* 410 ILCS § 513/25(c)(1).

22. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

23. Defendant's physical examination includes asking its prospective employees questions about the manifestation of diseases in their family members.

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

24. At all relevant times, Defendant has made providing genetic information a condition of employment.

25. Over the last decade, Defendant or its agents have performed physical examinations on hundreds of prospective employees, each of which sought familial genetic information in violation of GIPA.

26. Defendant never sought nor received consent to solicit or obtain Plaintiff's or the Class's genetic information, nor did it inform Plaintiff or the Class they had a right not to answer any questions regarding their genetic information.

27. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or preemployment application.

## FACTS SPECIFIC TO PLAINTIFF

28. In or around June, 2024, Plaintiff applied for a job at Stratas in Decatur, Illinois and was subsequently hired to work for the company.

29. During the application and hiring process, and as a precondition of his employment and during his pre-employment application process, Defendant required Plaintiff to submit to a physical examination.

30. During the examination, Defendant asked questions concerning Plaintiff's family medical history. Such questions included whether the Plaintiff's family had a history of high blood pressure, diabetes, heart disease, and other genetic information in the form of diseases that had manifested in his family members.

31. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, or required Plaintiff to disclose his genetic information.

6

32. Plaintiff, in response, disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

33. Plaintiff was never informed by Defendant, either verbally or in writing of his right to privacy under GIPA or otherwise informed he was not legally obligated to disclose genetic information.

34. By collecting the genetic information of its prospective employees in connection with its application process Defendant illegally solicited and obtained the genetic information of hundreds of Illinois residents and workers, including that of Plaintiff, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.

36. Plaintiff seeks to represent a Class defined as follows:

All individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records.

37. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

38. Upon information and belief, there are hundreds of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

7

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

39.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

40.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant's conduct is subject to GIPA;

b.     Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

c.     Whether Defendant released Plaintiff's and the other Class members genetic testing information in violation of 410 ILCS § 513/25(b);

d.     Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

e.     Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

f.     Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3);

g.     Whether Defendant's violations of GIPA were negligent;

h.     Whether Defendant's violations of GIPA were reckless or intentional; and

8

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

i.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

41.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

42.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

43.    Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

44.    Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the member of the Class and making injunctive or declaratory relief appropriate for the Class as a whole.

<u>**COUNT ONE**</u>
**Violation of Illinois Genetic Privacy Act, 410 ILCS § 513/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

45.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.    Defendant is a corporation that employs employees within the State of Illinois and is thus an "employer" under GIPA. *See* 410 ILCS § 513/10.

9

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

47. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

48. As a precondition of their employment, Plaintiff and the Class were given physical exams by medical staff who were employed by Defendant or who were otherwise operating on Defendant's behalf.

49. During these physical exams, Defendant's medical staff solicited from Plaintiff and the Class information concerning their family medical history. Defendant thus directly or indirectly required Plaintiff and the members of the Class to disclose their protected genetic information.

50. Plaintiff and the Class also were also asked to provide other personal identifying information, including their full names, email address, and/or home addresses (including age, birthday, Social Security information and gender) to Defendant in their employment applications and during the physical exams they underwent.

51. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. *See* 410 ILCS § 513/10.

52. Defendant did not receive any written authorization from Plaintiff or the other Class members to solicit or request their genetic information.

53. Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant, in the course of employment, solicited or requested their statutorily protected genetic information.

54. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500

for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.        Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b.        Declaring that Defendant's actions, as set forth herein, violate GIPA;

c.        Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d.        Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e.        Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f.        Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS § 513/40(a)(3);

g.        Awarding pre- and post-judgment interest, as allowable by law; and

h.        Such further and other relief the Court deems reasonable and just.

Dated: September 23, 2024                          Respectfully submitted,


By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
Fradin Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

11

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

12

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT B

## Proof of Service of Summons



## Service of Process Transmittal Summary

**TO:**     Michael Anderson, General Counsel
STRATAS FOODS LLC
7000 GOODLETT FARMS PKWY STE 400
CORDOVA, TN 38016-4923

**RE:**     **Process Served in Illinois**

**FOR:**    Stratas Foods LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Cordell Warren, individually and on behalf of all others similarly situated // To: Stratas Foods LLC |
| **CASE #:** | 2024CH09121 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/03/2024 at 14:55 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Michael Anderson  michael.anderson@stratasfoods.com |
| | Email Notification,  Masha Coward  masha.coward@stratasfoods.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, Oct 3, 2024

**Server Name:**     Christopher Rodriquez

| Entity Served | STRATAS FOODS LLC |
|---|---|
| Case Number | 2024CH09121 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Hearing Date: <<CmsHearingDate>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

**STATE OF ILLINOIS**
**CIRCUIT COURT**

Cook **COUNTY**

**SUMMONS**

**For Court Use Only**

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Cordell Warren |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | Stratas Foods, LLC |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2024CH09121**

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**
  **a.** Defendant/Respondent's primary address/information for service:
  Name *(First, Middle, Last)*:  Stratas Foods, LLC
  Registered Agent's name, if any:  CT Corporation System
  Street Address, Unit #:  208 S. LaSalle St. Suite 814
  City, State, ZIP:  Chicago, IL 60604
  Telephone: _____ Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | **b.** If you have more than one address where Defendant/Respondent might be found, list that here:
  Name *(First, Middle, Last)*: _____
  Street Address, Unit #: _____
  City, State, ZIP: _____
  Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | **c.** Method of service on Defendant/Respondent:
  ☐ Sheriff          ☐ Sheriff outside Illinois: _____
  *County & State*
  ☐ Special process server     ☐ Licensed private detective |

SU-S 1503.2

Page 1 of 4

(06/21)

Enter the Case Number given by the Circuit Clerk: **2024CH09121**

FILED DATE: ◆ 24 8:1□ ◑ M 2024CH09121

<table>
<tr><td>In 2, enter the amount of money owed to you.</td></tr>
</table>

**2.** Information about the lawsuit:

Amount claimed: _ $ ----

<table>
<tr><td>In 3, enter your complete address, telephone number, and email address, if you have one.</td></tr>
</table>

**3.** Contact Information for the Plaintiff/Petitioner:

Name *(First, Middle, Last):* Michael Fradin _____

Street Address, Unit#: 8401 Crawford Ave. Ste. 104 _____

City, State, ZIP: Skokie, IL 60076 _____

Telephone: (847) 986-5889 _____ Email: mike@fradinlaw.com _____

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

<table>
<tr><td>**Important information for the person getting this form**</td><td>You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/.</td></tr>
</table>

<table>
<tr><td>Check 4a or 4b. If Defendant/Respondent only needs to file an Appearance and Answer/Response within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.</td></tr>
</table>

**4.** Instructions for person receiving this *Summons (Defendant):*

◆ **a.** To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:

Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division) __

City, State, ZIP: Chicago, IL 60602 _____

☐ **b.** Attend court:

<table>
<tr><td>In 4a, fill out the address of the court building where the Defendant may file or e-file their Appearance and Answer/Response.</td></tr>
</table>

On: _____ at _____ ☐ a.m. ☐ p.m. in _____

    *Date*          *Time*               *Courtroom*

In-person at:

_____

*Courthouse Address*     *City*          *State*     *ZIP*

<table>
<tr><td>In 4b, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk.</td></tr>
</table>

OR

Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____

                *Call-in number for telephone remote appearance*

By video conference: _____

                *Video conference website*

_____

*Video conference log-In information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website

            *Circuit Clerk's phone number*

at: ...., ...., .., ...., ..--, ------------- to find out more about how to do this.

     *Website*

<table>
<tr><td>**STOP!**<br>The Circuit Clerk will fill in this section.</td></tr>
</table>

Witness this Date: _____

             9/27/2024 8:16 PM IRIS Y. MARTINEZ

Clerk of the Court: _____

*Seal of Court*

<table>
<tr><td>**STOP!**<br>The officer or process server will fill in the Date of Service.</td></tr>
</table>

**This Summons must be served within 30 days of the witness date.**

Date of Service: _____

       *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

<table>
<tr>
<td colspan="2"><strong>STATE OF ILLINOIS,<br>CIRCUIT COURT</strong><br><br>Cook      COUNTY</td>
<td><strong>PROOF OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION</strong></td>
<td><em>For Court Use Only</em></td>
</tr>
<tr>
<td><strong>Instructions</strong></td>
<td rowspan="4">Cordell Warren<br><hr><strong>Plaintiff / Petitioner</strong> <em>(First, middle, last name)</em><br><br>v.<br><br>Stratas Foods, LLC<br><hr><strong>Defendant / Respondent</strong> <em>(First, middle, last name)</em><br><br>☐ <strong>Alias Summons</strong> <em>(Check this box if this is not the 1st Summons issued for this Defendant.)</em></td>
<td rowspan="2"></td>
</tr>
<tr>
<td>Enter above the county name where the case was filed.</td>
</tr>
<tr>
<td>Enter your name as Plaintiff/Petitioner.</td>
<td rowspan="2"><strong>2024CH09121</strong><br><hr><strong>Case Number</strong></td>
</tr>
<tr>
<td>Enter the names of all people you are suing as Defendants/ Respondents.</td>
</tr>
<tr>
<td>Enter the Case Number given by the Circuit Clerk.</td>
</tr>
</table>

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
<br>*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
<br>*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
<br>                    *First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
<br>                                         *First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

SU-S 1503.2                 Page 3 of 4                 (06/21)

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

2024CH09121

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____

*Signature by:*   ☐ Sheriff
                  ☐ Sheriff outside Illinois:
                  _____
                  *County and State*
                  ☐ Special process server
                  ☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return:   $ _____
Miles _____       $ _____
Total                  $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Hearina Date: <lbitl♦··ssmmowed by the Illinois Supreme Court and Is reauired to be accepted In all Illinois Circuit Courts.

Locati♦n: «Cm♦m'i,pcw_'E1"c!»♦ation"»
Judge «CmsHear2!1iWeo♦¥r♦eod♦ic,♦lOfficer" ?>

**SUMMONS**

_____ Cook _____ COUNTY

*For Court Use Only*

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

| Instructions.,.. | |
|---|---|
| Enter above the county name where the case was filed. | Cordell Warren _____<br>**Plaintiff/ Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendan'll Respondents. | Stratas Foods, LLC _____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | O Alias Summons *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

**2024CH09121**
_____
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/fag/gcthclp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-112I for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *E1liction S1lmmn0l1s, Small Claims S1lmmn0l1s, or Summons Pelitio11 for Disw/11tio11 of Marriage I Ci"il Uni0l1* available at illinoiscourts.gov/documcnts-and-forms/approvcd-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than I Defendant/Respondent, fill out a *Summon.v* form for each Defendant/Respondent. |

| In ta, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. Defendant/Respondent's address and service information:<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):* Stratas Foods, LLC _____ _<br>Registered Agent's name, if any: CT Corporation System _____ _<br>Street Address, Unit#: 208 S. LaSalle St. Suite 814 _____<br>City, State, ZIP: Chicago, IL 60604 _____<br>Telephone: _____ Email: _____. |
|---|---|
| In I h, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In le, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>O Sheriff    O Sheriff outside Illinois: _____<br>*County & State*<br>O Special process server    O Licensed private detective |

SU-S 1503.2 Page 1 of 4 (06/21)

Enter the Case Number given by the Circuit Clerk: __2024CH09121__

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: **$** _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: __Michael L. Fradin__<br>Street Address, Unit #: __8401 Crawford Ave. Ste. 104__<br>City, State, ZIP: __Skokie, IL 60076__<br>Telephone: __(847) 986-5889__  Email: __mike@fradinlaw.com__ |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ **a.** To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: __50 West Washington Street (Richard J. Daley Center - Chancery Division)__<br>City, State, ZIP: __Chicago, IL 60602__ |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br> Date Time Courtroom<br>**In-person at:**<br>_____<br>*Courthouse Address City State ZIP*<br>**OR** |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br> By telephone: _____<br> *Call-in number for telephone remote appearance*<br> By video conference: _____<br> *Video conference website*<br> _____<br> *Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br> *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br> *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br> 9/27/2024 8:16 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |



Seal of Court

| | | |
|---|---|---|
| SU-S 1503.2 | Page 2 of 4 | (06/21) |

· **This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Cook_____ COUNTY | | |

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Cordell Warren _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | **v.** Stratas Foods, LLC _____ **Defendant / Respondent** *(First, middle, last name)* | **2024CH09121** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

.

| SU-S 1503.2 | Page 3 of 4 | (06/21) |
|---|---|---|

2024CH09121

Enter the Case Number given by the Circuit Clerk:_____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____
　　Other information about service attempt: _____
　　_____
　　_____
　　_____

2.　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____
　　Other information about service attempt: _____
　　_____
　　_____
　　_____

3.　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____
　　Other information about service attempt: _____
　　_____
　　_____
　　_____

| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | |
|---|---|

_____

*Signature by:*　☐ Sheriff
　　　　　　　　☐ Sheriff outside Illinois:

　　　　　　　　_____
　　　　　　　　*County and State*
　　　　　　　　☐ Special process server
　　　　　　　　☐ Licensed private
　　　　　　　　　 detective

_____
*Print Name*

**FEES**
Service and Return:　$ _____
Miles _____　　$ _____
Total　　　　　　　$ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

SU-S 1503.2　　　　　　　　　**Page 4 of 4**　　　　　　　　　(06/21)

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT C**

**Declaration of Brian Richardson**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**STRATAS FOODS, LLC,**<br><br>Defendant. | Federal Case No.  24-cv-11297<br><br>Cook County Case No. 2024 CH 09121<br><br>Removed from the State of Illinois, Circuit Court of Cook County, |

## DECLARATION OF BRIAN RICHARDSON IN SUPPORT OF NOTICE OF REMOVAL

NOW COMES Brian Richardson and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.    I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3.    I am employed by Stratas Foods LLC ("Stratas") as Human Resources Manager. I have held this position with Stratas since January 29, 2018. Prior to this role, I worked for Stratas as a Health, Safety, and Environmental Manager from July 2009.  In my current role as Human Resources Manager, I am familiar with employment and personnel records in Stratas' possession or that Stratas has access to, including records identifying the number of individuals who were required to participate in a physical examination prior to beginning employment with Stratas.

4.    Stratas Foods LLC is a limited liability corporation organized under the laws of the State of Delaware and maintains its headquarters and principal place of business in Tennessee at

Classification: Confidential

7000 Goodlett Farms Parkway, Cordova, TN 38016. Stratas Foods LLC's two members are a joint venture between Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC.

5. ADM is a corporation organized under the laws of the State of Delaware. ADM's headquarters and principal place of business is in the State of Illinois at 77 Wacker Dr #4600, Chicago, IL 60601.

6. ACH Jupiter LLC is a limited liability corporation. ACH Jupiter LLC's sole member is ACH Food Companies, Inc. ACH Food Companies, Inc. is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois.

7. In the five-year period prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve pre-employment physical examinations.

8. The following are examples of individuals who worked as Stratas employees in Illinois and underwent the preemployment physical examinations in Illinois between October 2019 and July 2024, but, according to public records searches as of October 16, 2024, reside outside the States of Delaware, Illinois, and Tennessee in the City and State identified below:

| EMPLOYEE NAME | HIRE DATE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| KATELYN J. | 5/16/2022 | Cedar Rapids | IA | 52403 |
| ZACHARY S. | 1/24/2022 | Keokuk | IA | 52632 |
| JORDAN B. | 6/7/2021 | Easton | PA | 18045 |
| CHASE G. | 3/21/2023 | LaGrange | MO | 63448 |
| CONNOR B. | 7/23/2024 | Palmyra | MO | 63461 |
| JERRY D. | 1/4/2021 | Hannibal | MO | 63401 |
| JOSEPH D. | 12/14/2020 | Hannibal | MO | 63401 |
| LORA K. | 9/17/2024 | Canton | MO | 63435 |
| LOUIS G. | 8/1/2023 | Canton | MO | 63435 |
| NICHOLOS N. | 10/21/2019 | Canton | MO | 63435 |
| RAYMOND W. | 10/16/2023 | Columbia | MO | 65202 |
| RICHELLE S. | 4/18/2022 | Hannibal | MO | 63401 |
| ROBERT W. | 5/31/2023 | Canton | MO | 63435 |
| STEVE C. | 8/29/2022 | Hannibal | MO | 63401 |
| STEVEN G. | 1/3/2023 | LaGrange | MO | 63448 |

Classification: Confidential

9.      None of the individuals identified in Paragraph 8 above are citizens of Delaware, Illinois, or Tennessee. Rather, they are citizens of Iowa, Pennsylvania, and Missouri.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Illinois on this _____ day of _____, 2024.

_____
Brian Richardson

Page 3 of 3 - 2024 CH 09121

Classification: Confidential

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT D**

**Copy of Notice to Clerk of Circuit Court of Cook**

**County of the Filing of Notice of Removal**

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

**CORDELL WARREN,** individually and on behalf of similarly situated individuals,

        Plaintiff,

    v.

**STRATAS FOODS, LLC,**

        Defendant.

Case No. 2024CH09121

Hon. Judge Clare J. Quish

## DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Iris Martinez, Clerk of the Circuit Court
        Circuit Court of Cook County
        Richard J. Daley Center, Room 1001
        50 W. Washington St.
        Chicago, IL 60602

        **PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois.

A copy of the said Notice of Removal is attached hereto.

Dated:  November 1, 2024

        Respectfully submitted,

        */s/ Angela R. Huisingh*
        One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:      312.372.7880
Firm I.D. No. 34950

2

**CERTIFICATE OF SERVICE**

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

***Notice to State Court of Filing of Notice of Removal*** to be electronically filed with the Clerk of

the Court for the Circuit Court of Cook County, using the Odyssey E-File system, and to be served

on Plaintiff's counsel listed below via electronic mail and UPS mail:

Michael L. Fradin, Esq.
8401 Crawford Ave., Suite 104
Skokie, IL 60076
mike@fradinlaw.com

James L. Simon, Esq.
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, OH 44022
james@simonsayspay.com

*Attorneys for Plaintiff*

/s/ Angela R. Huisingh

3

**CORDELL WARREN v. STRATAS FOODS, LLC**

**ATTACHMENT TO**

**NOTICE TO STATE COURT OF FILING**

**OF NOTICE OF REMOVAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>**STRATAS FOODS, LLC,**<br><br>    Defendant. | Case No.    24-cv-11297<br><br>Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024 CH 09121 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a), 1446, 1453, Defendant Stratas Foods LLC ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant respectfully states as follows:

**State Court Action**

1.      On September 27, 2024, Plaintiff Cordell Warren ("Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, entitled *Cordell Warren v. Stratas Foods, LLC*, Case No. 2024 CH 09121. *See* Exhibit A, Complaint.[1]

2.      On October 3, 2024, Plaintiff served the Summons and Complaint on Defendant through its registered service agent. *See* Exhibit B, Proof of Service and Summons.

---

[1] Exhibit A is a true and correct copy of the only pleadings, processes, and/or orders that have been served on Defendant. Upon information and belief, no further proceedings have been held in the Circuit Court of Cook County.

3. Plaintiff's Complaint contains one count, alleging a putative class action for at least five purportedly separate alleged violations of the Illinois Genetic Information Privacy Act ("GIPA") (410 ILCS 513/1 *et seq.*) for each of the "hundreds" of alleged class members. Exhibit A, Compl., ¶¶ 38-40 (alleging, *inter alia*, alleged common questions regarding violations of GIPA Sections 513/25(a), 513/25(b), 513/25(c)(1), 513/25(c)(2), and 513/25(c)(3)). *Id.* Specifically, the alleged questions giving rise to claimed liability for each class member are:

    i.    Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

    ii.    Whether Defendant released Plaintiff's and the other Class members [*sic*] genetic testing information in violation of 410 ILCS § 513/25(b);

    iii.    Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

    iv.    Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

    v.    Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3).

4. For each of these five purported violations for each of the "hundreds" of alleged class members, Plaintiff requests injunctive relief and seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., ¶¶ 34, 38, 54.

2

**Venue and Timeliness**

5.      Because the Circuit Court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a) is the United States District Court for the Northern District of Illinois.

6.      In accordance with the requirements of 28 U.S.C. § 1446(b), which sets the deadline for filing a notice of removal thirty (30) days after service of the Summons and Complaint (October 3, 2024), this Notice of Removal is timely filed because the resulting 30-day deadline is November 4, 2024. *See* 10 ILCS 5/1-6(a) (deadlines fixed by the Illinois Code of Civil Procedure that fall on a weekend, extend through the first business day); Fed. R. Civ. P. 6(a)(C) (same).

7.      Moreover, this Notice of Removal is timely for an additional reason, namely, because "the removal clock never actually started to run." *Gates v. Eagle Foods Grp.*, No. 20 C 6525, 2021 WL 1340805, at *2 (N.D. Ill. Apr. 9, 2021) (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013); *Curry v. The Boeing Co.*, No. 20 C 3088, 2021 WL 1088325 at *10 (N.D. Ill. March 22, 2021) ("It does not matter under *Walker* how quickly a diligent defendant could determine that a case is removable for if the complaint leaves any work for the defendant to do in that regard, the removal clock does not start to run."). Here, Plaintiff's Complaint left work for Defendant to do (*i.e.*, calculating damages and determining whether minimal diversity exists). Therefore, the clock has not begun running. Beyond alleging that Defendant "solicited and obtained the genetic information of hundreds of Illinois residents and workers," Plaintiff does not allege how many violations of GIPA he claims, or even how many violations per individual.[2] Exhibit A, Compl. ¶ 34. Further, Plaintiff admits that "the exact number of members of the Class

---

[2] Defendant denies any violation of GIPA and even if a violation did occur, Defendant denies that Plaintiff would be entitled to recover for more than one purported violation per individual.

3

is currently unknown to Plaintiff, [but] the members can easily be identified through Defendant's records." *Id.* at ¶ 38. In other words, Plaintiff explicitly admits that he has left work for Defendant.

8. For the foregoing reasons, this Notice of Removal is timely.

**CAFA Jurisdiction**

9. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

10. Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. Diversity of citizenship exists between Plaintiff and Defendant. Diversity of citizenship exists under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S. Code § 1332(d)(2)(A).

12. For purposes of diversity jurisdiction under CAFA, the citizenship of an unincorporated association, including a limited liability corporation, is the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *see also Calchi v. TopCo Associates, LLC*, 676 F.Supp.3d 604, fn. 2 (N.D. Ill. June 7, 2023) (noting that "the CAFA uses a different measuring stick for the citizenship of a

4

limited liability company" in that "[u]nder the CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen."); *see also Lewis v. LoanDepot.com, LLC*, 2021 WL 5038779, *2 (N.D. Ill. Oct. 29, 2021) (same); *Havron v. AT&T, Inc.*, 2009 WL 5030760 (S.D. Ill. Dec. 16, 2009) (explaining that "[t]he provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule" for the citizenship of an LLC); *Loonsfoot v. Stake Ctr. Locating, LLC*, 2024 WL 2815422 (S.D. Ill. June 3, 2024) (same).

13.     Stratas Foods LLC is organized under the laws of the State of Delaware and maintains its principal place of business in Tennessee. Exhibit C, Declaration of Brian Richardson, at ¶ 4; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). As such, Stratas Foods LLC is a citizen of Delaware and Tennessee.

14.     Even if the common-law rule that the citizenship of an unincorporated association is the citizenship of each of the association's members applied to Stratas in this action (*see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)), minimal diversity is still established in this case. Under this traditional rule, Stratas Foods LLC's citizenship would be determined by the citizenship of its two members, Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC. Exhibit C, Decl., ¶ 4.

15.     ADM is a corporation organized under the laws of the State of Delaware whose principal place of business is in the State of Illinois, where it has its headquarters. *Id.* at ¶ 5; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's

5

activities). Therefore, ADM is a citizen of Illinois and Delaware, and Stratas Foods LLC would also be a citizen of these states. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

16.     ACH Jupiter LLC is a limited liability corporation. Exhibit C, Decl. ¶ 6. ACH Jupiter LLC is wholly owned by ACH Food Companies, Inc., which is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois. *Id.* at ¶ 7. Therefore, ACH Jupiter, LLC, and by extension, Stratas Foods LLC, would be a citizen of Delaware and Illinois. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

17.     Finally, as described below, regardless of the test applied to determine the citizenship of Sratas, LLC, there would be minimal diversity in this case because there are at least fifteen (15) potential class members from states other than Illinois, Tennessee, and Delaware. *See paragraph 19, infra*.

18.     Under CAFA, "'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S. Code § 1332(d)(1). Plaintiff seeks to represent a class of "[a]ll individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records." Exhibit A, Compl., ¶ 36. Plaintiff alleges that Defendant requires potential employees to undergo a physical exam during which family medical history is requested. *Id.* at ¶¶ 1, 30-31.[3]

19.     Defendant has identified at least fifteen employees who show that the minimal diversity requirement of CAFA is met. These fifteen individuals worked in Illinois and underwent the preemployment physical examination at issue in this case, in Illinois, since September 28, 2019. Exhibit C, Decl., ¶ 8. Public records searches demonstrate that these fifteen individuals are

---

[3] Defendant denies this allegation, as well as numerous other allegations of the Complaint.

citizens of Iowa, Pennsylvania, and Missouri, and not Delaware, Tennessee, or Illinois. *Id.* In addition, Plaintiff's proposed class does not exclude individuals who applied to work for Defendant and then worked for Defendant in multiple states including Illinois. Therefore, numerous additional putative "class members" are not citizens of Delaware, Tennessee, or Illinois.

20.     Moreover, Plaintiff alleges that "at all relevant times" he has resided in Illinois, and not Delaware or Tennessee. Exhibit A, Compl., ¶ 13. Accordingly, there is diversity of citizenship between Plaintiff and Defendant as well as diversity of citizenship between potential unnamed class members and Defendant under CAFA. *Halim v. Charlotte Tilbury Beauty Inc*., No. 23 CV 94, 2023 WL 3388898, at *3 (N.D. Ill. May 11, 2023) (diversity jurisdiction established at the time of removal under CAFA).

21.     Second, it is more likely than not that the amount in controversy in this case exceeds $5,000,000.[4] Defendant must only demonstrate by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc*., No. 07 C 231, 2007 U.S. Dist. LEXIS 21135, at *6 (N.D. Ill. March 26, 2007). Indeed, where plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

22.     Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the

---

[4] Defendant denies that Plaintiff is entitled to any damages, whether on behalf of himself or others.

amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

23.     In his Complaint, and for the unidentified "relevant time period[,]" Plaintiff seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages, or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., Prayer for Relief at p. 11. Plaintiff does not identify the relevant time period or estimate the amount of actual or statutory damages. However, Plaintiff appears to allege five purportedly separate violations for each of the "hundreds of members." Exhibit A, Compl., ¶¶ 38, 40.

24.     While Defendant disputes that the GIPA limitations period is five years and denies that Plaintiff is entitled to recover for more than one violation per individual, if GIPA is evaluated similarly to the Illinois Biometric Information Privacy Act ("BIPA") (740 ILCS 14/1 *et seq.*), there is a cognizable possibility that GIPA – as currently written – allows recovery for more than one violation per individual and/or allows for recovery for all violations during a five-year period. *See Gates*, No. 20 C 6525, 2021 WL 1340805, at *3 (consolidating BIPA cases related to the number of violations) (superseded by SB2979); *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶ 11 (five-year limitations period applies to BIPA).

25.     Therefore, based on the foregoing, on the face of Plaintiff's pleadings, the alleged amount in controversy for the "hundreds of members of Class [*sic*]" (*i.e.*, at least 200) is at least $15,000,000 (for 200 purported class members, $15,000 per reckless violation multiplied by five violations is $75,000, and $75,000 multiplied by 200 equals $15,000,000). Therefore, even taking the minimal number of possible, alleged class members, and without considering attorneys' fees,

8

Plaintiff's alleged amount in controversy meets the jurisdictional threshold.[5] *See Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 744 (S.D. Ill. 2020) (amount in controversy established under the BIPA based on the statutory damages for a reckless violation). Further, attorneys' fees may be considered in determining whether the threshold has been met under CAFA. *McGoveran v. Amazon Web Servs.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020). Thus, based upon his pleadings, it is not a legal certainty that Plaintiff seeks $5,000,000 or less.

26.     Defendant's records also demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. In the last five years prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve the pre-employment procedures which Plaintiff alleges give rise to violations of Section 513/25(c). Exhibit C, Decl., ¶ 7. Thus, even assuming only one alleged statutory violation per employee, the amount in controversy is $5,250,000 ($15,000 multiplied by 350), which exceeds the statutory prerequisite.

**Procedural Requirements**

27.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as Exhibit D is a copy of the Notice to Clerk of Circuit Court of Cook County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

28.     Attached as Exhibit E is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Michael L. Fradin, Esq. at Fradlin Law, 8401 Crawford Ave., Suite 104, Skokie,

---

[5] Defendant denies any violation of GIPA with respect to Plaintiff or any other employee or prospective employee. Further, even if such violation was established, Defendant denies that its conduct was "reckless or intentional" within the meaning of GIPA.

Illinois 60076; James L. Simon, Esq., at Simon Law Co., 11 ½ N. Franklin Street, Chagrin Falls, Ohio 44022.

29. Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Stratas Foods LLC requests that this action, pending in the Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated: November 1, 2024          Respectfully submitted,

STRATAS FOODS LLC

*/s/ Angela R. Huisingh*
By One of Their Attorneys

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

## CERTIFICATE OF SERVICE

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

*Notice of Removal* to be electronically filed with the Clerk of the Court, using the court's CM/ECF

system, and by causing same to be served electronically and via UPS mail to Plaintiff's counsel

listed below:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

> /s/ Angela R. Huisingh

11

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT A

# Complaint

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

# STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
## CHANCERY DIVISION

| | | |
|---|---|---|
| Cordell Warren, *individually and on behalf of all others similarly situated,* | ) | Case No. **2024CH09121** |
| | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Stratas Foods, LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Cordell Warren ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Stratas Foods, LLC ("Defendant" or "Stratas") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS § 513/1 *et seq.* ("GIPA"), and to obtain redress for persons harmed by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. This case concerns the misuse of individuals' genetic information by Stratas Foods, LLC. As a condition of employment, Stratas requires employee candidates to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information,

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1)     solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

> (2)     affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

> (3)     limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

> (4)     retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.  410 ILCS 513/25(c).

3.      GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

4.      Genetic information, including familial medical history, is a uniquely private and sensitive form of personal information. A person cannot change their genome if it becomes compromised, and the genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

2

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

5.     However, in requiring disclosure of putative employees' family medical histories, including that of Plaintiff, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6.     In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS § 513/5(2).

7.     GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8.     In spite of GIPA's prohibition to solicit family medical information, Defendant and other companies in Illinois continue to request that their employees and prospective employees provide protected family medical history in violation of GIPA.

9.     Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10.     Plaintiff brings this action for statutory and/or actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

11.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

3

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

## PARTIES

12. Defendant Stratas Foods, LLC is a corporation organized under the laws of the state of Delaware and headquartered in Tennessee.

13. At all relevant times, Plaintiff has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, or required genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application.

15. Venue is proper in Cook County because Defendant is an out of state corporation and thus "resides" out of state and can be sued in any county in Illinois pursuant to 735 ILCS § 5/2-101.

## COMMON FACTUAL ALLEGATIONS

16. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives; to discover their genetic predisposition for diseases before any symptoms manifest; and, in some cases, to prevent and treat such diseases.

17. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than

4

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

$1,000 in 2022. Despite the benefits to science and health care that could be gained from widespread genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.

18. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use and disclosure of such information.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Protection Act (GIPA) 410 ILCS 513/1 et seq. out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment and the hiring process.

20. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring, or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. *See* 410 ILCS § 513/25(c)(1).

21. GIPA's protections include a prohibition against the solicitation, request, requirement, or purchase of employee's or prospective employee's genetic information as a condition of employment. *See* 410 ILCS § 513/25(c)(1).

22. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

23. Defendant's physical examination includes asking its prospective employees questions about the manifestation of diseases in their family members.

5

FILED DATE: 9/27/2024 8:16 PM 2024CH09121

24. At all relevant times, Defendant has made providing genetic information a condition of employment.

25. Over the last decade, Defendant or its agents have performed physical examinations on hundreds of prospective employees, each of which sought familial genetic information in violation of GIPA.

26. Defendant never sought nor received consent to solicit or obtain Plaintiff's or the Class's genetic information, nor did it inform Plaintiff or the Class they had a right not to answer any questions regarding their genetic information.

27. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or preemployment application.

**FACTS SPECIFIC TO PLAINTIFF**

28. In or around June, 2024, Plaintiff applied for a job at Stratas in Decatur, Illinois and was subsequently hired to work for the company.

29. During the application and hiring process, and as a precondition of his employment and during his pre-employment application process, Defendant required Plaintiff to submit to a physical examination.

30. During the examination, Defendant asked questions concerning Plaintiff's family medical history. Such questions included whether the Plaintiff's family had a history of high blood pressure, diabetes, heart disease, and other genetic information in the form of diseases that had manifested in his family members.

31. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, or required Plaintiff to disclose his genetic information.

6

32. Plaintiff, in response, disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

33. Plaintiff was never informed by Defendant, either verbally or in writing of his right to privacy under GIPA or otherwise informed he was not legally obligated to disclose genetic information.

34. By collecting the genetic information of its prospective employees in connection with its application process Defendant illegally solicited and obtained the genetic information of hundreds of Illinois residents and workers, including that of Plaintiff, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.

36. Plaintiff seeks to represent a Class defined as follows:

All individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records.

37. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

38. Upon information and belief, there are hundreds of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

7

39. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

40. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant's conduct is subject to GIPA;

b. Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

c. Whether Defendant released Plaintiff's and the other Class members genetic testing information in violation of 410 ILCS § 513/25(b);

d. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

e. Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

f. Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3);

g. Whether Defendant's violations of GIPA were negligent;

h. Whether Defendant's violations of GIPA were reckless or intentional; and

8

FILED DATE: 9/27/2024 8:16 PM    2024CH09121

i.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

41. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

42. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

43. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

44. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the member of the Class and making injunctive or declaratory relief appropriate for the Class as a whole.

**COUNT ONE**
**Violation of Illinois Genetic Privacy Act, 410 ILCS § 513/1,** *et seq.*
**(On behalf of Plaintiff and the Class)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant is a corporation that employs employees within the State of Illinois and is thus an "employer" under GIPA. *See* 410 ILCS § 513/10.

9

47. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

48. As a precondition of their employment, Plaintiff and the Class were given physical exams by medical staff who were employed by Defendant or who were otherwise operating on Defendant's behalf.

49. During these physical exams, Defendant's medical staff solicited from Plaintiff and the Class information concerning their family medical history. Defendant thus directly or indirectly required Plaintiff and the members of the Class to disclose their protected genetic information.

50. Plaintiff and the Class also were also asked to provide other personal identifying information, including their full names, email address, and/or home addresses (including age, birthday, Social Security information and gender) to Defendant in their employment applications and during the physical exams they underwent.

51. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. *See* 410 ILCS § 513/10.

52. Defendant did not receive any written authorization from Plaintiff or the other Class members to solicit or request their genetic information.

53. Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant, in the course of employment, solicited or requested their statutorily protected genetic information.

54. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500

10

for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.      Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b.      Declaring that Defendant's actions, as set forth herein, violate GIPA;

c.      Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d.      Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e.      Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f.      Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS § 513/40(a)(3);

g.      Awarding pre- and post-judgment interest, as allowable by law; and

h.      Such further and other relief the Court deems reasonable and just.

Dated: September 23, 2024                              Respectfully submitted,


By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
Fradin Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

11

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

12

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT B

## Proof of Service of Summons

 **Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Michael Anderson, General Counsel
STRATAS FOODS LLC
7000 GOODLETT FARMS PKWY STE 400
CORDOVA, TN 38016-4923

**RE:**    Process Served in Illinois

**FOR:**    Stratas Foods LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Cordell Warren, individually and on behalf of all others similarly situated// To: Stratas Foods LLC |
| **CASE#:** | 2024CH09121 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | CT Corporation System, Chicago, L |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/03/2024 at 14:55 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Michael Anderson  michael.anderson@stratasfoods.com |
| | Email Notification,  Masha Coward  masha.coward@stratasfoods.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, L 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

e,. Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

Date:                      Thu, Oct 3, 2024

Server Name:            Christopher Rodriquez

| Entity Served | STRATAS FOODS L L C |
|---|---|
| Case Number | 2024CH09121 |
| Jurisdiction | I L |

| Inserts |
|---|
| | | |



This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Hearing Date: <<bhISH- 'Hearing>>

Location: «Cm 'bPcw.'E. e tion"»

Judge: <<CmsHeai1WeoY¥ eod ,c1alOfficer" >>

**SUMMONS**

____Cook_____ **COUNTY**

**For Court Use Only**

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

**Instructions,..**

Enter above the county name where the case was tiled.

Cordell Warren
_____
Plaintiff / Petitioner *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/ Respondents.

Stratas Foods, LLC
_____
Defendant / Respondent *(First, middle, last name)*

**2024CH09121**
_____
**Case Number**

Enter the Case Number given by the Circuit Clerk.

☐ **Allas Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)*

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approvcd-forms/. <br><br> E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htrn to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethclp.asp or talk with your local. circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. <br><br> Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction S11mmm1s, Small Claims Summons. or Summons Petition for Disso/11tio11 of Marriage I Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a dctinue or replevin, visit illinoislegalaid.org for help. <br><br> If you are suing more than I Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

In Ia, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service Information:**

a. DefendanURespondent's primary address/information for service:

Name *(First, Middle, Last):* ~~Stratas Foods, LLC~~ — — — — — — — — — — — — — —

Registered Agent's name, if any: ~~CT Corporation System~~ — — — — — — — —

Street Address, Unit#: _208 S. LaSalle St. Suite 814_____

City, State, ZIP: _Chicago, IL 60604_____

Telephone: _ _ _ _ _ _ _ _ _     Email: _____

In Ib, enter a second address for Defendant/ Respondent, if you have one.

b. If you have more than one address where OefendanURespondent might be found, list that here:

Name *(First, Middle, Last):* _____

Street Address, Unit#: _____

City, State, ZIP: _____

Telephone: _ _ _ _ _ _ _ _ _     Email: _____

In Ie, check how you are sending your documents *to* Defendant/ Resoondent.

c. Method of service on OefendanURespondent:

☐ Sheriff     ☐ Sheriff outside Illinois: _____
                                              *County & State*

☐ Special process server     ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: **2024CH09121**

FILED DATE: ◆ 24 8:1⬦ ◦ M 2024CH09121

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2.** Information about the lawsuit:<br>Amount claimed: _$ ---- |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** Contact Information for the Plaintiff/Petitioner:<br>Name *(First, Middle, Last):* ;Mi-ch;a e LJFr;a; d i h _____<br>Street Address, Unit#: 8401 Crawford Ave. Ste. 104 _____<br>City, State, ZIP: Skokie, IL 60076 _____<br>Telephone: (847) 986-5889 _____ Email: mike@fradinlaw.com _____ |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.uov/documents-and-fonns/approved-fonns/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an Appearance and A11.m•er/Re.po11se within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** Instructions for person receiving this *Summons (Defendant):*<br>◆ **a.** To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division) __<br>City, State, ZIP: Chicago, IL 60602 _____ |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their Appeara11ce and Answer/ Response. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>   *Date*       *Time*             *Courtroom*<br>In-person at: |
| In 4b, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br>*Courthouse Address*     *City*         *State*    *ZIP*<br>OR<br>Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>   By telephone: _____<br>           *Call-in number for telephone remote appearance*<br>   By video conference: _____<br>           *Video conference website*<br>_____<br>   *Video conference log-In information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>         *Circuit Clerk's phone number*<br>at: ....,...,.,...,...-,------------ to find out more about how to do this.<br>   *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>          9/27/2024 8:16 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | *Seal of Court*<br>**This Summons must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

**,  This'form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>____Cook_____ COUNTY | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Cordell Warren<br>_____<br>Plaintiff / Petitioner  *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | ŪEA<br><br>Stratas  Foods, LLC<br>_____<br>Defendant / Respondent  *(First, middle, last name)* | **2024CH09121**<br>_____<br>Case Number |
| Enter the Case Number given by the Circuit Clerk. | D Alias Summons  *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**..Stop. Do not complete the form. The sheriff or special process server will fill in the form.**

My name is ♦_ist,M,i,dl,1e,"Last───────────  _  and I state

D I served the *Summons* and Complaint/Petition  on the Defendant/Respondent

♦ist,M,i,dl,1e,Last──────────────────  _  as follows:

D  Personally on the Defendant/Respondent:
Male   D  Female   D  Non-Binary    D  Approx. Age: _ _ _ _      Race: _____
On this date: _ _ _ _ _ _ _ _      at this time:    _ _ _ _    ☐a.m.  Op.m.
Address, Unit#:  _____
City, State, ZIP:  _____

D  On someone else at the Defendant/Respondent's  home who is at least 13 years old and is a family member or lives there:
On this date: _ _ _ _ _ _ _ _      at this time:    _ _ _ _    Oa.m.  Op.m.
Address, Unit#:  _____
City, State, ZIP:  _____
And left it with:  _____
          *First, Middle, Last*
Male   D  Female   D  Non-Binary    D  Approx. Age: _ _ _ _      Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on  _ _ _ _ _ _      , 20 _ _ _ _ _  .

D  On the Corporation's agent, _ _=_ _ _ _ _ _ _ _ _ _ _ _ _ _ _
          *First, Middle, Last* · · · , , ─ ─ ─ ─ ─ ─ ─ ─
Male   D  Female   D  Non-Binary    D  Approx. Age: _____ Race: _____
On this date: _ _ _ _ _ _ _ _      at this time:    _ _ _ _    oa.m.  ☐p.m.
Address:  _____
City, State, ZIP:  _____

Enter the Case Number given by the Circuit Clerk **2024CHQ9121**

D I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date:  _____      at this time:      ____    D a.m.  D p.m.
    Address:  _____
    City, State, ZIP:  _____     _
    Other information about service attempt:  _____
    _____
    _____
    _____

2.  On this date:  _____      at this time:      ____    O a.m.  O p.m.
    Address:  _____
    City, State, ZIP:  _____
    Other information about service attempt:  _____
    _____
    _____
    _____

3.  On this date:  _____      at this time:      ____    O a.m.  O p.m.
    Address:  _____
    City, State, ZIP:  _____
    Other information about service attempt:  _____
    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |
|---|---|

**By:**

| | FEES |
|---|---|
| _____ | Service and Return:  _$_____ _ |
| *Signature by:* ☐ Sheriff | Miles  ____    $._-_-_-_ |
| ☐ Sheriff outside Illinois: | Total    $ 0.00   _ |
| _____ | |
| *County and State* | |
| ☐ Special process server | |
| ☐ Licensed private detective | |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number:  _____

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

Hearing Date: <Ibitl♦··*ontato*wed by the Illinois Supreme Court and Is reauired to be accepted In all Illinois Circuit Courts.

Location: «Cm♦m'i,pcw_'E1"c!»♦ation"»
Judge «CmsHear2!1iWeo♦¥r♦eod♦ic,♦IOfficer" ?>

**SUMMONS**

Cook _____ COUNTY

*For Court Use Only*

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

| Instructions.,.. | |
|---|---|
| Enter above the county name where the case was filed. | Cordell Warren<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendan'll Respondents. | Stratas Foods, LLC<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | O Alias Summons *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

**2024CH09121**

**Case Number**

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/fag/gcthclp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-112 I for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Elliction SIlmn0lls, Small Claims SIlmn0lls, or Summons Pelitio11 for Disw/11tio11 of Marriage I Ci''il Unio11* available at illinoiscourts.gov/documcnts-and-forms/approvcd-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than I Defendant/Respondent, fill out a *Summon.v* form for each Defendant/Respondent.

---

In ta, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

In I h, enter a second address for Defendant/ Respondent, if you have one.

In le, check how you are sending your documents to Defendant/ Respondent.

1. Defendant/Respondent's address and service information:

   a. Defendant/Respondent's primary address/information for service:
      Name *(First, Middle, Last):* Stratas Foods, LLC
      Registered Agent's name, if any: CT Corporation System
      Street Address, Unit#: 208 S. LaSalle St. Suite 814
      City, State, ZIP: Chicago, IL 60604
      Telephone: _____ Email: _____.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name *(First, Middle, Last):* _____
      Street Address, Unit #: _____
      City, State, ZIP: _____
      Telephone: _____ Email: _____

   c. Method of service on Defendant/Respondent:
      O Sheriff          O Sheriff outside Illinois: _____
                                                    *County & State*
      O Special process server          O Licensed private detective

---

SU-S 1503.2

Page 1 of 4

(06/21)

Enter the Case Number given by the Circuit Clerk: **2024CH09121**

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $_____ |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* Michael L. Fradin<br>Street Address, Unit #: 8401 Crawford Ave. Ste. 104<br>City, State, ZIP: Skokie, IL 60076<br>Telephone: (847) 986-5889    Email: mike@fradinlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an Appearance and Answer/Response within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4. Instructions for person receiving this Summons *(Defendant):***<br>◆ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division)<br>City, State, ZIP: Chicago, IL 60602 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their Appearance and Answer/ Response. | ☐ b. Attend court:<br>On: _____ at _____ F̈ a.m. F̈ p.m. in _____<br>     *Date*      *Time*          *Courtroom*<br>In-person at: |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br>*Courthouse Address*    *City*      *State*    *ZIP*<br>OR<br>Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>       *Call-in number for telephone remote appearance*<br>By video conference: _____<br>       *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>    *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>  *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>       9/27/2024 8:16 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This Summons must be served within 30 days of the witness date.<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*Seal of Court*

SU-S 1503.2                                    Page 2 of 4                                    (06/21)

• **This 'form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Cordell Warren<br>Plaintiff/ Petitioner *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | ÜEA<br><br>Stratas Foods, LLC<br>Defendant/ Respondent *(First, middle, last name)* |

*For Court Use Only*

**2024CH09121**

Case Number

Enter the Case Number given by the Circuit Clerk.

F 'Alias Summons *(Check this box if this is not the 1ᵗ Summons issued for this Defendant.)*

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name Is ///////////////////////// and I state *First, Middle, Last*

F 'I served the *Summons* and Complaint/Petition on the Defendant/Respondent

─F;stMl"dd"FₑLₐst ────────────────────── _ as follows:

F " Personally on the Defendant/Respondent:
Male F " Female F " Non-Binary F " Approx. Age: _____ Race: _____
On this date: _____ at this time: - - - - oa.m. p.m.
Address, \_Unit#: _____
City, State, ZIP: _____

F " On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: - - - - Oa.m. Op.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male F " Female F " Non-Binary F " Approx. Age: \_\_\_\_ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

F " On the Corporation's agent, -=------------------
*First, Middle, Last*
Male F " Female F " Non-Binary F " Approx. Age: ///// Race: _____
On this date: _____ at this time: - - - - a.m. Op.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2024C H09121

**D** I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ **D** a.m. **D** p.m.
   Address: _____
   City, State, ZIP: _____ _
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: ___ O a.m. O p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: ____ O a.m. O p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

'DO NOT complete this section. The sheriff or pri\'ate process server will complete it.

If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

By: 

_____

*Signature by:* **D** Sheriff
               **D** Sheriff outside Illinois:

_____
*County and State*
**D** Special process server
**D** Licensed private detective

_____
*Pr1ntName*

FEES
Service and Return: =$____ _
Miles _____ =$____ _
Total $ 0.00 _

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____ _

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT C

## Declaration of Brian Richardson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**CORDELL WARREN,** individually and on behalf of similarly situated individuals,

      Plaintiff,

      v.

**STRATAS FOODS, LLC,**

      Defendant.

Federal Case No.   24-cv-11297

Cook County Case No. 2024 CH 09121

Removed from the State of Illinois, Circuit Court of Cook County,

## DECLARATION OF BRIAN RICHARDSON IN SUPPORT OF NOTICE OF REMOVAL

NOW COMES Brian Richardson and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3.      I am employed by Stratas Foods LLC ("Stratas") as Human Resources Manager. I have held this position with Stratas since January 29, 2018. Prior to this role, I worked for Stratas as a Health, Safety, and Environmental Manager from July 2009. In my current role as Human Resources Manager, I am familiar with employment and personnel records in Stratas' possession or that Stratas has access to, including records identifying the number of individuals who were required to participate in a physical examination prior to beginning employment with Stratas.

4.      Stratas Foods LLC is a limited liability corporation organized under the laws of the State of Delaware and maintains its headquarters and principal place of business in Tennessee at

Classification: Confidential

7000 Goodlett Farms Parkway, Cordova, TN 38016. Stratas Foods LLC's two members are a joint venture between Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC.

5. ADM is a corporation organized under the laws of the State of Delaware. ADM's headquarters and principal place of business is in the State of Illinois at 77 Wacker Dr #4600, Chicago, IL 60601.

6. ACH Jupiter LLC is a limited liability corporation. ACH Jupiter LLC's sole member is ACH Food Companies, Inc. ACH Food Companies, Inc. is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois.

7. In the five-year period prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve pre-employment physical examinations.

8. The following are examples of individuals who worked as Stratas employees in Illinois and underwent the preemployment physical examinations in Illinois between October 2019 and July 2024, but, according to public records searches as of October 16, 2024, reside outside the States of Delaware, Illinois, and Tennessee in the City and State identified below:

| EMPLOYEE NAME | HIRE DATE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| KATELYN J. | 5/16/2022 | Cedar Rapids | IA | 52403 |
| ZACHARY S. | 1/24/2022 | Keokuk | IA | 52632 |
| JORDAN B. | 6/7/2021 | Easton | PA | 18045 |
| CHASE G. | 3/21/2023 | LaGrange | MO | 63448 |
| CONNOR B. | 7/23/2024 | Palmyra | MO | 63461 |
| JERRY D. | 1/4/2021 | Hannibal | MO | 63401 |
| JOSEPH D. | 12/14/2020 | Hannibal | MO | 63401 |
| LORA K. | 9/17/2024 | Canton | MO | 63435 |
| LOUIS G. | 8/1/2023 | Canton | MO | 63435 |
| NICHOLOS N. | 10/21/2019 | Canton | MO | 63435 |
| RAYMOND W. | 10/16/2023 | Columbia | MO | 65202 |
| RICHELLE S. | 4/18/2022 | Hannibal | MO | 63401 |
| ROBERT W. | 5/31/2023 | Canton | MO | 63435 |
| STEVE C. | 8/29/2022 | Hannibal | MO | 63401 |
| STEVEN G. | 1/3/2023 | LaGrange | MO | 63448 |

Classification: Confidential

9.      None of the individuals identified in Paragraph 8 above are citizens of Delaware, Illinois, or Tennessee. Rather, they are citizens of Iowa, Pennsylvania, and Missouri.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Illinois on this __11__ day of _____, 2024.

_____

Brian Richardson

Classification: Confidential

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT D

# Copy of Notice to Clerk of Circuit Court of Cook

# County of the Filing of Notice of Removal

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals, | |
| Plaintiff, | Case No. 2024CH09121 |
| v. | Hon. Judge Clare J. Quish |
| **STRATAS FOODS, LLC,** | |
| Defendant. | |

**DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**

TO:   Iris Martinez, Clerk of the Circuit Court
        Circuit Court of Cook County
        Richard J. Daley Center, Room 1001
        50 W. Washington St.
        Chicago, IL 60602

**PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois.

A copy of the said Notice of Removal is attached hereto.

Dated:  November 1, 2024                     Respectfully submitted,


                                              */s/ Angela R. Huisingh*
                                              One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880
Firm I.D. No. 34950

2

**CERTIFICATE OF SERVICE**

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

***Notice to State Court of Filing of Notice of Removal*** to be electronically filed with the Clerk of

the Court for the Circuit Court of Cook County, using the Odyssey E-File system, and to be served

on Plaintiff's counsel listed below via electronic mail and UPS mail:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

> */s/ Angela R. Huisingh*

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT E**

**Copy of Notice to Adverse Party**

**of the Filing of Notice of Removal**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

<table>
<tr>
<td>

**CORDELL WARREN,** individually and on behalf of similarly situated individuals,

Plaintiff,

v.

**STRATAS FOODS, LLC,**

Defendant.

</td>
<td>

Case No.   2024 CH 09121

Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024 CH 09121

</td>
</tr>
</table>

**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**

TO:      Michael L. Fradin, Esq.
8401 Crawford Ave., Suite 104
Skokie, IL 60076
mike@fradinlaw.com

James L. Simon, Esq.
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, OH 44022
james@simonsayspay.com

**PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of the said Notice of Removal is attached hereto.

Dated:  November 1, 2024                     Respectfully submitted,

*/s/ Angela R. Huisingh*
One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No.
6319257 ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

 Firm I.D. No. 34950

2

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT E**

**Copy of Notice to Adverse Party**

**of the Filing of Notice of Removal**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**STRATAS FOODS, LLC,**<br><br>Defendant. | Case No.    2024 CH 09121<br><br>Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024 CH 09121 |

**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**

TO:        Michael L. Fradin, Esq.
           8401 Crawford Ave., Suite 104
           Skokie, IL 60076
           mike@fradinlaw.com

           James L. Simon, Esq.
           Simon Law Co.
           11 ½ N. Franklin Street
           Chagrin Falls, OH 44022
           james@simonsayspay.com

**PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of the said Notice of Removal is attached hereto.

Dated:  November 1, 2024                      Respectfully submitted,


                                             */s/ Angela R. Huisingh*
                                             One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No.
6319257 ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

 Firm I.D. No. 34950

## <u>CERTIFICATE OF SERVICE</u>

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

***Notice to Adverse Party of Filing of Notice of Removal*** to be electronically filed with the Clerk

of the Court of the Circuit Court of Cook County, using the Court's CM/ECF system, and to be

served on Plaintiff's counsel listed below electronically and via UPS mail:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

> /s/ Angela R. Huisingh

3

# CORDELL WARREN v. STRATAS FOODS, LLC

# ATTACHMENT TO NOTICE TO ADVERSE
# PARTY OF FILING OF NOTICE OF REMOVAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> **STRATAS FOODS, LLC,** <br><br> Defendant. | Case No.     24-cv-11297 <br><br> Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024 CH 09121 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a), 1446, 1453, Defendant Stratas Foods LLC ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant respectfully states as follows:

### State Court Action

1. On September 27, 2024, Plaintiff Cordell Warren ("Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, entitled *Cordell Warren v. Stratas Foods, LLC*, Case No. 2024 CH 09121. *See* Exhibit A, Complaint.[1]

2. On October 3, 2024, Plaintiff served the Summons and Complaint on Defendant through its registered service agent. *See* Exhibit B, Proof of Service and Summons.

---

[1] Exhibit A is a true and correct copy of the only pleadings, processes, and/or orders that have been served on Defendant. Upon information and belief, no further proceedings have been held in the Circuit Court of Cook County.

3.      Plaintiff's Complaint contains one count, alleging a putative class action for at least five purportedly separate alleged violations of the Illinois Genetic Information Privacy Act ("GIPA") (410 ILCS 513/1 *et seq.*) for each of the "hundreds" of alleged class members. Exhibit A, Compl., ¶¶ 38-40 (alleging, *inter alia*, alleged common questions regarding violations of GIPA Sections 513/25(a), 513/25(b), 513/25(c)(1), 513/25(c)(2), and 513/25(c)(3)). *Id.* Specifically, the alleged questions giving rise to claimed liability for each class member are:

i.      Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

ii.     Whether Defendant released Plaintiff's and the other Class members [*sic*] genetic testing information in violation of 410 ILCS § 513/25(b);

iii.    Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

iv.     Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

v.      Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3).

4.      For each of these five purported violations for each of the "hundreds" of alleged class members, Plaintiff requests injunctive relief and seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., ¶¶ 34, 38, 54.

2

**Venue and Timeliness**

5.     Because the Circuit Court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a) is the United States District Court for the Northern District of Illinois.

6.     In accordance with the requirements of 28 U.S.C. § 1446(b), which sets the deadline for filing a notice of removal thirty (30) days after service of the Summons and Complaint (October 3, 2024), this Notice of Removal is timely filed because the resulting 30-day deadline is November 4, 2024. *See* 10 ILCS 5/1-6(a) (deadlines fixed by the Illinois Code of Civil Procedure that fall on a weekend, extend through the first business day); Fed. R. Civ. P. 6(a)(C) (same).

7.     Moreover, this Notice of Removal is timely for an additional reason, namely, because "the removal clock never actually started to run." *Gates v. Eagle Foods Grp.*, No. 20 C 6525, 2021 WL 1340805, at *2 (N.D. Ill. Apr. 9, 2021) (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013); *Curry v. The Boeing Co.*, No. 20 C 3088, 2021 WL 1088325 at *10 (N.D. Ill. March 22, 2021) ("It does not matter under *Walker* how quickly a diligent defendant could determine that a case is removable for if the complaint leaves any work for the defendant to do in that regard, the removal clock does not start to run."). Here, Plaintiff's Complaint left work for Defendant to do (*i.e.*, calculating damages and determining whether minimal diversity exists). Therefore, the clock has not begun running. Beyond alleging that Defendant "solicited and obtained the genetic information of hundreds of Illinois residents and workers," Plaintiff does not allege how many violations of GIPA he claims, or even how many violations per individual.[2] Exhibit A, Compl. ¶ 34. Further, Plaintiff admits that "the exact number of members of the Class

---

[2] Defendant denies any violation of GIPA and even if a violation did occur, Defendant denies that Plaintiff would be entitled to recover for more than one purported violation per individual.

is currently unknown to Plaintiff, [but] the members can easily be identified through Defendant's records." *Id.* at ¶ 38. In other words, Plaintiff explicitly admits that he has left work for Defendant.

8.  For the foregoing reasons, this Notice of Removal is timely.

### CAFA Jurisdiction

9.  As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

10.  Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11.  Diversity of citizenship exists between Plaintiff and Defendant. Diversity of citizenship exists under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S. Code § 1332(d)(2)(A).

12.  For purposes of diversity jurisdiction under CAFA, the citizenship of an unincorporated association, including a limited liability corporation, is the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *see also Calchi v. TopCo Associates, LLC*, 676 F.Supp.3d 604, fn. 2 (N.D. Ill. June 7, 2023) (noting that "the CAFA uses a different measuring stick for the citizenship of a

limited liability company" in that "[u]nder the CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen."); *see also Lewis v. LoanDepot.com, LLC*, 2021 WL 5038779, *2 (N.D. Ill. Oct. 29, 2021) (same); *Havron v. AT&T, Inc.*, 2009 WL 5030760 (S.D. Ill. Dec. 16, 2009) (explaining that "[t]he provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule" for the citizenship of an LLC); *Loonsfoot v. Stake Ctr. Locating, LLC*, 2024 WL 2815422 (S.D. Ill. June 3, 2024) (same).

13. Stratas Foods LLC is organized under the laws of the State of Delaware and maintains its principal place of business in Tennessee. Exhibit C, Declaration of Brian Richardson, at ¶ 4; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). As such, Stratas Foods LLC is a citizen of Delaware and Tennessee.

14. Even if the common-law rule that the citizenship of an unincorporated association is the citizenship of each of the association's members applied to Stratas in this action (*see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)), minimal diversity is still established in this case. Under this traditional rule, Stratas Foods LLC's citizenship would be determined by the citizenship of its two members, Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC. Exhibit C, Decl., ¶ 4.

15. ADM is a corporation organized under the laws of the State of Delaware whose principal place of business is in the State of Illinois, where it has its headquarters. *Id.* at ¶ 5; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's

5

activities). Therefore, ADM is a citizen of Illinois and Delaware, and Stratas Foods LLC would also be a citizen of these states. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

16. ACH Jupiter LLC is a limited liability corporation. Exhibit C, Decl. ¶ 6. ACH Jupiter LLC is wholly owned by ACH Food Companies, Inc., which is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois. *Id.* at ¶ 7. Therefore, ACH Jupiter, LLC, and by extension, Stratas Foods LLC, would be a citizen of Delaware and Illinois. *See* 28 U.S. Code § 1332(c)(1) and *Cosgrove*, 150 F.3d at 731.

17. Finally, as described below, regardless of the test applied to determine the citizenship of Sratas, LLC, there would be minimal diversity in this case because there are at least fifteen (15) potential class members from states other than Illinois, Tennessee, and Delaware. *See paragraph 19, infra.*

18. Under CAFA, "'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S. Code § 1332(d)(1). Plaintiff seeks to represent a class of "[a]ll individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records." Exhibit A, Compl., ¶ 36. Plaintiff alleges that Defendant requires potential employees to undergo a physical exam during which family medical history is requested. *Id.* at ¶¶ 1, 30-31.[3]

19. Defendant has identified at least fifteen employees who show that the minimal diversity requirement of CAFA is met. These fifteen individuals worked in Illinois and underwent the preemployment physical examination at issue in this case, in Illinois, since September 28, 2019. Exhibit C, Decl., ¶ 8. Public records searches demonstrate that these fifteen individuals are

---

[3] Defendant denies this allegation, as well as numerous other allegations of the Complaint.

citizens of Iowa, Pennsylvania, and Missouri, and not Delaware, Tennessee, or Illinois. *Id.* In addition, Plaintiff's proposed class does not exclude individuals who applied to work for Defendant and then worked for Defendant in multiple states including Illinois. Therefore, numerous additional putative "class members" are not citizens of Delaware, Tennessee, or Illinois.

20.     Moreover, Plaintiff alleges that "at all relevant times" he has resided in Illinois, and not Delaware or Tennessee. Exhibit A, <u>Compl.</u>, ¶ 13. Accordingly, there is diversity of citizenship between Plaintiff and Defendant as well as diversity of citizenship between potential unnamed class members and Defendant under CAFA. *Halim v. Charlotte Tilbury Beauty Inc.*, No. 23 CV 94, 2023 WL 3388898, at *3 (N.D. Ill. May 11, 2023) (diversity jurisdiction established at the time of removal under CAFA).

21.     Second, it is more likely than not that the amount in controversy in this case exceeds $5,000,000.[4] Defendant must only demonstrate by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, No. 07 C 231, 2007 U.S. Dist. LEXIS 21135, at *6 (N.D. Ill. March 26, 2007). Indeed, where plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

22.     Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the

---

[4] Defendant denies that Plaintiff is entitled to any damages, whether on behalf of himself or others.

amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

23. In his Complaint, and for the unidentified "relevant time period[,]" Plaintiff seeks the greater of actual damages or "$15,000 for each reckless or intentional violation of GIPA" or, in the alternative, the greater of actual damages, or "damages of $2,500 for each negligent violation of GIPA[.]" Exhibit A, Compl., Prayer for Relief at p. 11. Plaintiff does not identify the relevant time period or estimate the amount of actual or statutory damages. However, Plaintiff appears to allege five purportedly separate violations for each of the "hundreds of members." Exhibit A, Compl., ¶¶ 38, 40.

24. While Defendant disputes that the GIPA limitations period is five years and denies that Plaintiff is entitled to recover for more than one violation per individual, if GIPA is evaluated similarly to the Illinois Biometric Information Privacy Act ("BIPA") (740 ILCS 14/1 *et seq.*), there is a cognizable possibility that GIPA – as currently written – allows recovery for more than one violation per individual and/or allows for recovery for all violations during a five-year period. *See Gates*, No. 20 C 6525, 2021 WL 1340805, at *3 (consolidating BIPA cases related to the number of violations) (superseded by SB2979); *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶ 11 (five-year limitations period applies to BIPA).

25. Therefore, based on the foregoing, on the face of Plaintiff's pleadings, the alleged amount in controversy for the "hundreds of members of Class [*sic*]" (*i.e.*, at least 200) is at least $15,000,000 (for 200 purported class members, $15,000 per reckless violation multiplied by five violations is $75,000, and $75,000 multiplied by 200 equals $15,000,000). Therefore, even taking the minimal number of possible, alleged class members, and without considering attorneys' fees,

Plaintiff's alleged amount in controversy meets the jurisdictional threshold.[5] *See Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 744 (S.D. Ill. 2020) (amount in controversy established under the BIPA based on the statutory damages for a reckless violation). Further, attorneys' fees may be considered in determining whether the threshold has been met under CAFA. *McGoveran v. Amazon Web Servs.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020). Thus, based upon his pleadings, it is not a legal certainty that Plaintiff seeks $5,000,000 or less.

26.     Defendant's records also demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. In the last five years prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve the pre-employment procedures which Plaintiff alleges give rise to violations of Section 513/25(c). Exhibit C, Decl., ¶ 7. Thus, even assuming only one alleged statutory violation per employee, the amount in controversy is $5,250,000 ($15,000 multiplied by 350), which exceeds the statutory prerequisite.

### Procedural Requirements

27.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as Exhibit D is a copy of the Notice to Clerk of Circuit Court of Cook County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

28.     Attached as Exhibit E is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Michael L. Fradin, Esq. at Fradlin Law, 8401 Crawford Ave., Suite 104, Skokie,

---

[5] Defendant denies any violation of GIPA with respect to Plaintiff or any other employee or prospective employee. Further, even if such violation was established, Defendant denies that its conduct was "reckless or intentional" within the meaning of GIPA.

Illinois 60076; James L. Simon, Esq., at Simon Law Co., 11 ½ N. Franklin Street, Chagrin Falls, Ohio 44022.

29.     Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Stratas Foods LLC requests that this action, pending in the Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated:  November 1, 2024

Respectfully submitted,

STRATAS FOODS LLC

*/s/ Angela R. Huisingh*
By One of Their Attorneys

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

10

## CERTIFICATE OF SERVICE

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

*Notice of Removal* to be electronically filed with the Clerk of the Court, using the court's CM/ECF

system, and by causing same to be served electronically and via UPS mail to Plaintiff's counsel

listed below:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

> /s/ Angela R. Huisingh

11

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT A

# Complaint

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

# STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
### CHANCERY DIVISION

| | | |
|---|---|---|
| Cordell Warren, *individually and on behalf of all others similarly situated,* | ) | Case No.   2024CH09121 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| -vs- | ) | |
| | ) | |
| Stratas Foods, LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Cordell Warren ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Stratas Foods, LLC ("Defendant" or "Stratas") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS § 513/1 *et seq.* ("GIPA"), and to obtain redress for persons harmed by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. This case concerns the misuse of individuals' genetic information by Stratas Foods, LLC. As a condition of employment, Stratas requires employee candidates to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information,

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1)     solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2)     affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3)     limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4)     retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.  410 ILCS 513/25(c).

3.     GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

4.     Genetic information, including familial medical history, is a uniquely private and sensitive form of personal information. A person cannot change their genome if it becomes compromised, and the genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

2

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

5. However, in requiring disclosure of putative employees' family medical histories, including that of Plaintiff, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS § 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8. In spite of GIPA's prohibition to solicit family medical information, Defendant and other companies in Illinois continue to request that their employees and prospective employees provide protected family medical history in violation of GIPA.

9. Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10. Plaintiff brings this action for statutory and/or actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

11. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

## PARTIES

12.     Defendant Stratas Foods, LLC is a corporation organized under the laws of the state of Delaware and headquartered in Tennessee.

13.     At all relevant times, Plaintiff has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, or required genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application.

15.     Venue is proper in Cook County because Defendant is an out of state corporation and thus "resides" out of state and can be sued in any county in Illinois pursuant to 735 ILCS § 5/2-101.

## COMMON FACTUAL ALLEGATIONS

16.     The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives; to discover their genetic predisposition for diseases before any symptoms manifest; and, in some cases, to prevent and treat such diseases.

17.     These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than

4

$1,000 in 2022. Despite the benefits to science and health care that could be gained from widespread genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.

18.     As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use and disclosure of such information.

19.     In 1998, the Illinois General Assembly enacted the Genetic Information Protection Act (GIPA) 410 ILCS 513/1 et seq. out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment and the hiring process.

20.     Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring, or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. *See* 410 ILCS § 513/25(c)(1).

21.     GIPA's protections include a prohibition against the solicitation, request, requirement, or purchase of employee's or prospective employee's genetic information as a condition of employment. *See* 410 ILCS § 513/25(c)(1).

22.     As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

23.     Defendant's physical examination includes asking its prospective employees questions about the manifestation of diseases in their family members.

5

FILED DATE: 9/27/2024 8:16 PM    2024CH09121

24. At all relevant times, Defendant has made providing genetic information a condition of employment.

25. Over the last decade, Defendant or its agents have performed physical examinations on hundreds of prospective employees, each of which sought familial genetic information in violation of GIPA.

26. Defendant never sought nor received consent to solicit or obtain Plaintiff's or the Class's genetic information, nor did it inform Plaintiff or the Class they had a right not to answer any questions regarding their genetic information.

27. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or preemployment application.

### FACTS SPECIFIC TO PLAINTIFF

28. In or around June, 2024, Plaintiff applied for a job at Stratas in Decatur, Illinois and was subsequently hired to work for the company.

29. During the application and hiring process, and as a precondition of his employment and during his pre-employment application process, Defendant required Plaintiff to submit to a physical examination.

30. During the examination, Defendant asked questions concerning Plaintiff's family medical history. Such questions included whether the Plaintiff's family had a history of high blood pressure, diabetes, heart disease, and other genetic information in the form of diseases that had manifested in his family members.

31. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, or required Plaintiff to disclose his genetic information.

6

32. Plaintiff, in response, disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

33. Plaintiff was never informed by Defendant, either verbally or in writing of his right to privacy under GIPA or otherwise informed he was not legally obligated to disclose genetic information.

34. By collecting the genetic information of its prospective employees in connection with its application process Defendant illegally solicited and obtained the genetic information of hundreds of Illinois residents and workers, including that of Plaintiff, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.

36. Plaintiff seeks to represent a Class defined as follows:

All individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records.

37. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

38. Upon information and belief, there are hundreds of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

7

FILED DATE: 9/27/2024 8:16 PM    2024CH09121

39.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

40.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.      Whether Defendant's conduct is subject to GIPA;

b.      Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS § 513/25(a);

c.      Whether Defendant released Plaintiff's and the other Class members genetic testing information in violation of 410 ILCS § 513/25(b);

d.      Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS § 513/25(c)(1);

e.      Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS § 513/25(c)(2);

f.      Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS § 513/25(c)(3);

g.      Whether Defendant's violations of GIPA were negligent;

h.      Whether Defendant's violations of GIPA were reckless or intentional; and

8

i.      Whether Plaintiff and the Class are entitled to damages and injunctive relief.

41.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

42.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

43.     Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

44.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the member of the Class and making injunctive or declaratory relief appropriate for the Class as a whole.

**COUNT ONE**
**Violation of Illinois Genetic Privacy Act, 410 ILCS § 513/1,** *et seq.*
**(On behalf of Plaintiff and the Class)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Defendant is a corporation that employs employees within the State of Illinois and is thus an "employer" under GIPA. *See* 410 ILCS § 513/10.

9

47. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

48. As a precondition of their employment, Plaintiff and the Class were given physical exams by medical staff who were employed by Defendant or who were otherwise operating on Defendant's behalf.

49. During these physical exams, Defendant's medical staff solicited from Plaintiff and the Class information concerning their family medical history. Defendant thus directly or indirectly required Plaintiff and the members of the Class to disclose their protected genetic information.

50. Plaintiff and the Class also were also asked to provide other personal identifying information, including their full names, email address, and/or home addresses (including age, birthday, Social Security information and gender) to Defendant in their employment applications and during the physical exams they underwent.

51. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. *See* 410 ILCS § 513/10.

52. Defendant did not receive any written authorization from Plaintiff or the other Class members to solicit or request their genetic information.

53. Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant, in the course of employment, solicited or requested their statutorily protected genetic information.

54. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500

10

for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS § 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

Dated: September 23, 2024                          Respectfully submitted,

By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
Fradin Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

11

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

12

# CORDELL WARREN v. STRATAS FOODS, LLC

# EXHIBIT B

## Proof of Service of Summons



## Service of Process Transmittal Summary

TO:    Michael Anderson, General Counsel
       STRATAS FOODS LLC
       7000 GOODLETT FARMS PKWY STE 400
       CORDOVA, TN 38016-4923

RE:    Process Served in Illinois

FOR:   Stratas Foods LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: Cordell Warren, individually and on behalf of all others similarly situated// To: Stratas Foods LLC |
| CASE#: | 2024CH09121 |
| NATURE OF ACTION: | Employee Litigation - Discrimination |
| PROCESS SERVED ON: | CT Corporation System, Chicago, IL |
| DATE/METHOD OF SERVICE: | By Process Server on 10/03/2024 at 14:55 |
| JURISDICTION SERVED: | Illinois |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Michael Anderson  michael.anderson@stratasfoods.com |
| | Email Notification,  Masha Coward  masha.coward@stratasfoods.com |
| REGISTERED AGENT CONTACT: | CT Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

e,. Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

Date:                    Thu, Oct 3, 2024
Server Name:             Christopher Rodriquez

| Entity Served | STRATAS FOODS LLC |
|---|---|
| Case Number | 2024CH09121 |
| Jurisdiction | I L |

| Inserts |
|---|
| | | |



Hearing Date: <fbhISH- is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Location: «Cm 'bPcw.'E. e tion"»
Judge: <<CmsHeai1WeoY¥ eod ,c1alOfficer" >>

**SUMMONS**

Cook COUNTY

<table>
<tr><td>**Instructions,..**</td><td></td><td>**For Court Use Only**</td></tr>
</table>

*For Court Use Only*

FILED
9/27/2024 8:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09121
Calendar, 14
29564735

**Instructions,..**

Enter above the county name where the case was tiled.

Cordell Warren
Plaintiff / Petitioner *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/Respondents.

Stratas Foods, LLC
Defendant / Respondent *(First, middle, last name)*

**2024CH09121**

Case Number

Enter the Case Number given by the Circuit Clerk.

☐ **Allas Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approvcd-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htrn to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethclp.asp or talk with your local. circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction S11mmm1s, Small Claims Summons. or Summons Petition for Disso/11tio11 of Marriage I Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a dctinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than I Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In Ia, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service Information:**

a. DefendanURespondent's primary address/information for service:
Name *(First, Middle, Last):* Stratas Foods, LLC
Registered Agent's name, if any: CT Corporation System
Street Address, Unit#: 208 S. LaSalle St. Suite 814
City, State, ZIP: Chicago, IL 60604
Telephone: _____ Email: _____

In Ib, enter a second address for Defendant/Respondent, if you have one.

b. If you have more than one address where OefendanURespondent might be found, list that here:
Name *(First, Middle, Last):* _____
Street Address, Unit#: _____
City, State, ZIP: _____
Telephone: _____ Email: _____

In Ie, check how you are sending your documents *to* Defendant/Resoondent.

c. Method of service on OefendanURespondent:
☐ Sheriff ☐ Sheriff outside Illinois: _____
*County & State*
☐ Special process server ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: **2024CH09121**

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2.** Information about the lawsuit: <br> Amount claimed: **$ ----** |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** Contact Information for the Plaintiff/Petitioner: <br> Name *(First, Middle, Last):* Michael Fradin <br> Street Address, Unit#: 8401 Crawford Ave. Ste. 104 <br> City, State, ZIP: Skokie, IL 60076 <br> Telephone: (847) 986-5889 Email: mike@fradinlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.* <br> To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an Appearance and Answer/Response within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** Instructions for person receiving this *Summons (Defendant):* <br> ◆ **a.** To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: <br> Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division) <br> City, State, ZIP: Chicago, IL 60602 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their Appearance and Answer/Response. | ☐ **b.** Attend court: <br> On: _____ at _____ ☐ a.m. ☐ p.m. in _____ <br> Date      Time      Courtroom <br> In-person at: <br> _____ <br> Courthouse Address   City   State   ZIP <br> OR |
| In 4b, fill out: <br> • The court date and time the clerk gave you. <br> • The courtroom and address of the court building. <br> • The call-in or video information for remote appearances (if applicable). <br> • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): <br> By telephone: _____ <br> Call-in number for telephone remote appearance <br> By video conference: _____ <br> Video conference website <br> _____ <br> Video conference log-In information (meeting ID, password, etc.) <br> Call the Circuit Clerk at: _____ or visit their website <br> Circuit Clerk's phone number <br> at: _____ to find out more about how to do this. <br> Website |

| | |
|---|---|
| **STOP!** <br> The Circuit Clerk will fill in this section. | Witness this Date: _____ <br> 9/27/2024 8:16 PM IRIS Y. MARTINEZ <br> Clerk of the Court: _____ |
| **STOP!** <br> The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of the witness date. <br> Date of Service: _____ <br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*Seal of Court*

SU-S 1503.2        Page 2 of 4        (06/21)

FILED DATE: ◆ 24 8:16 PM 2024CH09121

**, This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

<table>
<tr>
<td colspan="2">STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Cook_____ COUNTY</td>
<td>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION**</td>
<td>*For Court Use Only*</td>
</tr>
<tr>
<td>**Instructions**</td>
<td rowspan="4"></td>
<td rowspan="2">Cordell Warren<br>_____<br>Plaintiff / Petitioner *(First, middle, last name)*</td>
<td></td>
</tr>
<tr>
<td>Enter above the county name where the case was filed.</td>
<td></td>
</tr>
<tr>
<td>Enter your name as Plaintiff/Petitioner.</td>
<td>ÜFA<br><br>Stratas Foods, LLC<br>_____<br>Defendant / Respondent *(First, middle, last name)*</td>
<td>**2024CH09121**</td>
</tr>
<tr>
<td>Enter the names of all people you are suing as Defendants/Respondents.</td>
<td></td>
</tr>
<tr>
<td>Enter the Case Number given by the Circuit Clerk.</td>
<td></td>
<td>D Alias Summons *(Check this box if this is not the 1st Summons issued for this Defendant.)*</td>
<td>_____<br>Case Number</td>
</tr>
</table>

..Stop. Do not complete the form. The sheriff or special process server will fill in the form.**

My name is ◆__ist_M,i,dd,,1e,"Last------------ _ and I state

D I served the *Summons* and Complaint/Petition on the Defendant/Respondent

◆ist_M,i,dd,,1e,Last-------------------- _ as follows:

D Personally on the Defendant/Respondent:
Male   D  Female   D  Non-Binary   D  Approx. Age: ____   Race: _____
On this date: _____   at this time: ----   ☐a.m.  Op.m.
Address, Unit#: _____
City, State, ZIP: _____

D On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____   at this time: ----   Oa.m.  Op.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
First, Middle, Last
Male   D  Female   D  Non-Binary   D  Approx. Age: ____   Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

D On the Corporation's agent, ___=_ ------------
First, Middle, Last · · · , · · · , ,
Male   D  Female   D  Non-Binary   D  Approx. Age: _____ Race: _____
On this date: _____   at this time: ----   oa.m.  ☐p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2024CHQ9121

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _ _ _ _ _ _ _ _ _     at this time: _ _ _ _     ☐ a.m.  ☐ p.m.
    Address: _____
    City, State, ZIP: _____     _
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _ _ _ _ _ _ _ _ _     at this time: _ _ _ _     ○ a.m.  ○ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _ _ _ _ _ _ _ _ _     at this time: _ _ _ _     ○ a.m.  ○ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |
|---|---|

By: _____

Signature by:   ☐ Sheriff
                ☐ Sheriff outside Illinois: _____
                *County and State*
                ☐ Special process server
                ☐ Licensed private detective

_____
*Print Name*

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

FEES
Service and Return:   $_ _ _ _ _ _ _
Miles _ _ _ _            $._ _ - _ - _ - _
Total                    $ 0.00     _

If *Summons* is served by licensed private detective or private detective agency:
License Number: _ _ _ _ _ _ _ _ _ _ _ _ _ _

FILED DATE: 9/27/2024 8:16 PM   2024CH09121

Hearing Date: <lbitl♦··is approved by the Illinois Supreme Court and Is required to be accepted In all Illinois Circuit Courts.

Location: «Cm♦m'i,pcw_'E1"c!»♦ation"»
Judge «CmsHear2!1iWeo♦¥r♦eod♦ic,♦lOfficer" ?>

**SUMMONS**

_____ Cook _____ COUNTY

| | For Court Use Only |
|---|---|
| | FILED<br>9/27/2024 8:16 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2024CH09121<br>Calendar, 14<br>29564735 |

| Instructions.,.. | |
|---|---|
| Enter above the county name where the case was filed. | Cordell Warren<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendant/ll Respondents. | Stratas Foods, LLC<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | O Alias Summons *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

**2024CH09121**
_____
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/fag/gcthclp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-112 I for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *E11iction S11mm011s, Small Claims S11mm011s, or Summons Pelitio11 for Disw/11tio11 of Marriage I Ci''il Unio11* available at illinoiscourts.gov/documcnts-and-forms/approvcd-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than I Defendant/Respondent, fill out a *Summon.v* form for each Defendant/Respondent. |

| In ta, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. Defendant/Respondent's address and service information:<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):* Stratas Foods, LLC _____ _<br>Registered Agent's name, if any: CT Corporation System _____ _<br>Street Address, Unit#: 208 S. LaSalle St. Suite 814 _____<br>City, State, ZIP: Chicago, IL 60604 _____<br>Telephone: _____ Email: _____. |
|---|---|
| In I h, enter a second address for Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In le, check how you are sending your documents to Defendant/Respondent. | c. Method of service on Defendant/Respondent:<br>O Sheriff            O Sheriff outside Illinois: _____<br>*County & State*<br>O Special process server            O Licensed private detective |

| SU-S 1503.2 | Page 1 of 4 | (06/21) |
|---|---|---|

Enter the Case Number given by the Circuit Clerk: **2024CH09121**

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2.** Information about the lawsuit:<br>Amount claimed: $\_\_\_\_\_ |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** Contact information for the Plaintiff/Petitioner:<br>Name *(First, Middle, Last)*: Michael L. Fradin<br>Street Address, Unit #: 8401 Crawford Ave. Ste. 104<br>City, State, ZIP: Skokie, IL 60076<br>Telephone: (847) 986-5889    Email: mike@fradinlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an Appearance and Answer/Response within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** Instructions for person receiving this Summons *(Defendant)*:<br>◆ **a.** To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: 50 West Washington Street (Richard J. Daley Center - Chancery Division)<br>City, State, ZIP: Chicago, IL 60602 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their Appearance and Answer/ Response. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>*Date*    *Time*    *Courtroom*<br>In-person at: |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br>*Courthouse Address    City    State    ZIP*<br>OR<br>Remotely (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>*Call-in number for telephone remote appearance*<br>By video conference: _____<br>*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>*Website* |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>9/27/2024 8:16 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!** The officer or process server will fill in the Date of Service. | *Seal of Court*<br>This Summons must be served within 30 days of the witness date.<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

• **This 'form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook_____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Cordell Warren<br>Plaintiff/ Petitioner *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | ŪẼĂ<br><br>Stratas Foods, LLC<br>Defendant/ Respondent *(First, middle, last name)* | **2024CH09121** |
| Enter the Case Number given by the Circuit Clerk. | ☐ Alias Summons *(Check this box if this is not the 1ˢ Summons issued for this Defendant.)* | Case Number |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is //////////////////////// and I state

*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

*First, Middle, Last* – – – – – – – – – – – – – – – – – – – – – _ as follows:

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: - - - - o a.m. p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: - - - - O a.m. O p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, - = - - - - - - - - - - - - - - - -
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ///// Race: _____
On this date: _____ at this time: - - - - a.m. O p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk  2024C H09121 _____

☐ I was not able to serve the *Summons* and Complaint/Petition  on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following  attempts  to serve  the *Summons* and Complaint/Petition  on the Defendant/Respondent:

1.   On this date:  _____   at this time:   _____   ☐ a.m.  ☐ p.m.
     Address:   _____
     City, State, ZIP: _____   _
     Other information  about service  attempt:  _____
     _____
     _____
     _____

2.   On this date:  _____   at this time:   ___   ☐ a.m.  ☐ p.m.
     Address:   _____
     City, State, ZIP:  _____
     Other information  about service  attempt:  _____
     _____
     _____
     _____

3.   On this date:  _____   at this time:   ____   ☐ a.m.  ☐ p.m.
     Address:   _____
     City, State, ZIP:  _____
     Other information  about service  attempt:  _____
     _____
     _____
     _____

| 'DO NOT complete this section. The sheriff or pri\'ate process server will complete it. | If you are a special process server, sheriff outside Illinois,  or licensed  private  detective, your signature  certifies  that everything  on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand  that making a false statement on this form could be perjury. |

**By:**

**FEES**

Service  and Return:  =$____   _

_____
*Signature by:*  ☐  Sheriff
                ☐  Sheriff  outside  Illinois:

Miles  _____   =$____   _
Total   $ 0.00   _

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*County and State*
☐  Special  process  server
☐  Licensed  private  detective

_____
*Pr1ntName*

If *Summons* is served  by licensed  private  detective  or private  detective  agency:
License  Number:  _____   _

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT C**

**Declaration of Brian Richardson**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CORDELL WARREN,** individually and on behalf of similarly situated individuals,<br><br>      Plaintiff,<br><br>     v.<br><br>**STRATAS FOODS, LLC,**<br><br>      Defendant. | Federal Case No. 2024 CH 09121<br><br>Cook County Case No. 2024 CH 09121<br><br>Removed from the State of Illinois, Circuit Court of Cook County, |

## DECLARATION OF BRIAN RICHARDSON IN SUPPORT OF NOTICE OF REMOVAL

NOW COMES Brian Richardson and, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2. I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3. I am employed by Stratas Foods LLC ("Stratas") as Human Resources Manager. I have held this position with Stratas since January 29, 2018. Prior to this role, I worked for Stratas as a Health, Safety, and Environmental Manager from July 2009. In my current role as Human Resources Manager, I am familiar with employment and personnel records in Stratas' possession or that Stratas has access to, including records identifying the number of individuals who were required to participate in a physical examination prior to beginning employment with Stratas.

4. Stratas Foods LLC is a limited liability corporation organized under the laws of the State of Delaware and maintains its headquarters and principal place of business in Tennessee at

Classification: Confidential

7000 Goodlett Farms Parkway, Cordova, TN 38016. Stratas Foods LLC's two members are a joint venture between Archer-Daniels-Midland Company ("ADM") and ACH Jupiter LLC.

5. ADM is a corporation organized under the laws of the State of Delaware. ADM's headquarters and principal place of business is in the State of Illinois at 77 Wacker Dr #4600, Chicago, IL 60601.

6. ACH Jupiter LLC is a limited liability corporation. ACH Jupiter LLC's sole member is ACH Food Companies, Inc. ACH Food Companies, Inc. is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois.

7. In the five-year period prior to September 27, 2024, more than 350 individuals have been hired to work in Illinois in positions that involve pre-employment physical examinations.

8. The following are examples of individuals who worked as Stratas employees in Illinois and underwent the preemployment physical examinations in Illinois between October 2019 and July 2024, but, according to public records searches as of October 16, 2024, reside outside the States of Delaware, Illinois, and Tennessee in the City and State identified below:

| EMPLOYEE NAME | HIRE DATE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| KATELYN J. | 5/16/2022 | Cedar Rapids | IA | 52403 |
| ZACHARY S. | 1/24/2022 | Keokuk | IA | 52632 |
| JORDAN B. | 6/7/2021 | Easton | PA | 18045 |
| CHASE G. | 3/21/2023 | LaGrange | MO | 63448 |
| CONNOR B. | 7/23/2024 | Palmyra | MO | 63461 |
| JERRY D. | 1/4/2021 | Hannibal | MO | 63401 |
| JOSEPH D. | 12/14/2020 | Hannibal | MO | 63401 |
| LORA K. | 9/17/2024 | Canton | MO | 63435 |
| LOUIS G. | 8/1/2023 | Canton | MO | 63435 |
| NICHOLOS N. | 10/21/2019 | Canton | MO | 63435 |
| RAYMOND W. | 10/16/2023 | Columbia | MO | 65202 |
| RICHELLE S. | 4/18/2022 | Hannibal | MO | 63401 |
| ROBERT W. | 5/31/2023 | Canton | MO | 63435 |
| STEVE C. | 8/29/2022 | Hannibal | MO | 63401 |
| STEVEN G. | 1/3/2023 | LaGrange | MO | 63448 |

Classification: Confidential

9.      None of the individuals identified in Paragraph 8 above are citizens of Delaware, Illinois, or Tennessee. Rather, they are citizens of Iowa, Pennsylvania, and Missouri.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Illinois on this ___ 11 ___ day of _____, 2024.

_____
Brian Richardson

Page 3 of 3 - 2024 CH 09121

Classification: Confidential

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT D**

**Copy of Notice to Clerk of Circuit Court of Cook**

**County of the Filing of Notice of Removal**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

**CORDELL WARREN,** individually and on behalf of similarly situated individuals,

          Plaintiff,

       v.

**STRATAS FOODS, LLC,**

          Defendant.

Case No. 2024CH09121

Hon. Judge Clare J. Quish

## DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Iris Martinez, Clerk of the Circuit Court
        Circuit Court of Cook County
        Richard J. Daley Center, Room 1001
        50 W. Washington St.
        Chicago, IL 60602

**PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois.

A copy of the said Notice of Removal is attached hereto.

Dated: November 1, 2024          Respectfully submitted,

                                       /s/ *Angela R. Huisingh*
                                     One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
Firm I.D. No. 34950

2

**CERTIFICATE OF SERVICE**

I, Angela R. Huisingh, an attorney, certify that on November 1, 2024, I caused the forgoing

***Notice to State Court of Filing of Notice of Removal*** to be electronically filed with the Clerk of

the Court for the Circuit Court of Cook County, using the Odyssey E-File system, and to be served

on Plaintiff's counsel listed below via electronic mail and UPS mail:

> Michael L. Fradin, Esq.
> 8401 Crawford Ave., Suite 104
> Skokie, IL 60076
> mike@fradinlaw.com
>
> James L. Simon, Esq.
> Simon Law Co.
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> james@simonsayspay.com
>
> *Attorneys for Plaintiff*

> /s/ Angela R. Huisingh

3

**CORDELL WARREN v. STRATAS FOODS, LLC**

**EXHIBIT E**

**Copy of Notice to Adverse Party**

**of the Filing of Notice of Removal**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

**CORDELL WARREN,** individually and on behalf of similarly situated individuals,

Plaintiff,

v.

**STRATAS FOODS, LLC,**

Defendant.

Case No.    2024 CH 09121

Removed from the State of Illinois,
Circuit Court of Cook County,
Case No. 2024 CH 09121

**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**

TO:    Michael L. Fradin, Esq.
8401 Crawford Ave., Suite 104
Skokie, IL 60076
mike@fradinlaw.com

James L. Simon, Esq.
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, OH 44022
james@simonsayspay.com

**PLEASE TAKE NOTICE** that on November 1, 2024, Defendant, Stratas Foods LLC, filed a Notice of Removal with the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of the said Notice of Removal is attached hereto.

Dated: November 1, 2024                  Respectfully submitted,

*/s/ Angela R. Huisingh*
One of Their Attorneys

1

David K. Haase, Bar No. 6201278
dhaase@littler.com
Angela R. Huisingh, Bar No.
6319257 ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

 Firm I.D. No. 34950